## The People of the State of Illinois, ex rel. Thomas J. McKenna, v. City of Chicago.

### Gen. No. 12,523.

1. CIVIL SERVICE ACT—*when too late to question sufficiency of charges preferred under.* It is too late after the hearing to raise the question of the sufficiency of the charges upon which such hearing has proceeded.

2. CIVIL SERVICE ACT—*presumption as to sufficiency of charges.* Where the civil service commission had jurisdiction to hear and determine charges, it will be presumed that a rule, not appearing in the record, which, according to the charges, had been violated, contained matter which, if violated, would justify the discharge sought to be set aside.

3. CIVIL SERVICE ACT—*commission need not notify accused to appear when it passes upon the finding of its trial board.* The statute does not require the commission to investigate the truth of the finding of its trial board nor to call the accused before them when they pass upon such finding.

4. CIVIL SERVICE ACT—*effect of refusal to permit accused to be repre-*

*sented by counsel.* Such a course of procedure does not invalidate an order of discharge.

5. CIVIL SERVICE ACT—*Statute of Limitations no defense to charges preferred under.* Where the offense charged is criminal, a lapse of time sufficient to entitle the pleading of the bar of the Statute of Limitations in a criminal proceeding does not constitute a defense.

6. MANDAMUS—*may be barred by laches.* A delay of upwards of ten months unaccounted for, may constitute a bar to the issuance of the writ of *mandamus.*

*Mandamus* proceeding. Error to the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed May 21, 1906.

**Statement by the Court.** This is a petition for *mandamus* filed by the relator against the city of Chicago. He alleges in his amended petition, among other things, that he passed the civil service examination and was appointed police patrolman in 1896; that he is still such officer, legally entitled to all its rights and privileges; that November 25, 1903, the superintendent of police preferred charges against him with the Civil Service Commission, which were referred to the Police Trial Board for investigation; that on the day set for the hearing of these charges, December 3, 1903, he appeared before said board with his attorney and asked the board to permit the attorney to represent him in the examination and cross-examination of the witnesses, which request the board refused; that the testimony heard related to events which occurred more than two years and eleven months before the charges were preferred, and hence were outlawed and subject to the Statute of Limitations; that February 23, 1904, said board reported its finding to the Civil Service Commission; that said commission did not examine into the truth of such charges, but simply adopted and entered the following resolution, without notice to or knowledge of petitioner. "The Police Trial Board reported the following findings, which were approved. Thomas J. McKenna, patrolman, 17th Precinct. The Police Trial Board finds said Thomas J. McKenna guilty as charged, and decides that he be removed from the police department and from the service of the city of Chicago by the general

superintendent of police, for violation of Rule 67;" and that thereafter and on the same day the superintendent of the police enforced said order, since which time your petitioner has received no salary.

It is further alleged that said charges did not state facts sufficient to constitute an offense; that there is no rule providing that the commission of any such offense shall work the discharge of a patrolman; that said commission had no jurisdiction to hear such charges, and the order discharging him is void; that said rule 67 was not a rule of the commission, but was made by a superintendent of police before the Civil Service Act went into effect; that February 23, 1904, the superintendent of police told petitioner not to report for further duty, and refused to place his name on the payroll; and that he has made demand upon the city and upon the superintendent to restore him, etc. The prayer is for a writ of *mandamus* commanding the city of Chicago, etc., to place his name on the civil service list, upon the roster of police patrolmen, and upon the police pay-roll, so that he may at once enter upon the performance of his duties, etc.

A general demurrer interposed to the amended petition was sustained by the court. Petitioner electing to stand by his petition, it was dismissed and judgment was entered against him. This writ of error followed.

In this court the petitioner alleges that (1) the court erred in sustaining the demurrer to the amended petition for *mandamus* and entering judgment that plaintiff go hence without day; and (2) in not overruling the demurrer to the petition for *mandamus* as amended.

A. D. GASH and JAMES H. HOOPER, for plaintiff in error.

JOHN W. BECKWITH, for defendant in error; JAMES HAMILTON LEWIS, Corporation Counsel, of counsel.

MR. JUSTICE BALL delivered the opinion of the court.
Section 12 of the Act to Regulate the Civil Service of

The People v. City of Chicago.

Cities (R. S. Hurd 1905, sec. 457, ch. 24, p. 395) provides that "No officer or employe in the classified civil service of any city who shall have been appointed under said rules and after said examination shall be removed or discharged except for cause, upon written charges and after an opportunity to be heard in his own defense. Such charges shall be investigated by or before said Civil Service Commission, or by or before some officer or board appointed by said commission, to conduct such investigation. The finding and decision of such commission, or investigating officer or board, when approved by said commission shall be certified to the appointing officer, and shall be forthwith enforced by such officer."

The petition in this case shows that the petitioner was a police officer in the classified civil service of the city of Chicago; that written charges were preferred against him; that the commission referred these charges to the Police Trial Board, "a board appointed by the Civil Service Commission to conduct the investigation of charges against patrolmen;" that, on the day appointed for the hearing of such charges, petitioner appeared before said board, and the investigation was taken up and proceeded in his presence until the board made its finding.

The only objection taken or made during this hearing was that his attorney was not permitted to examine and cross-examine the witnesses.

The board found petitioner guilty as charged and reported its finding to the commission. The latter body approved the finding, and decided that petitioner be removed from the police department by the general superintendent of police for violation of rule 67. The commission in taking this action did not notify petitioner, nor did it rehear the evidence given before the board. Following this the superintendent of police at once enforced such order.

The petition shows that the Police Trial Board had jurisdiction of these charges and the subject-matter thereof. By appearing before said board and submitting

to trial, petitioner gave the board jurisdiction of his person.

Petitioner made no objection to such charges. If they "did not state facts sufficient in law to constitute an offense," it was his duty then and there to object to them. Not having done so, it was afterwards too late for him to raise that question.

What rule 67 is, or contains, we are not informed by this record; but, as the board had jurisdiction of the subject-matter and of the person of the defendant, in the absence of evidence to the contrary, the presumption is that rule 67 contains matter which if violated would warrant the discharge of the offender, and that the charges did state facts sufficient in law to place the petitioner on trial, and, if proved, to justify the finding of guilty. State v. Kirkwood, 15 Wash. 298.

In Joyce v. City of Chicago, 216 Ill. 471, the Supreme Court say : " It is also urged that the charge filed with the commission by the general superintendent of the police is not sufficiently specific. This proceeding is not a common law or criminal proceeding, but an investigation. While the plaintiff in error had the right to have the charges preferred against him reduced to writing and in such form that he could clearly understand the ground assigned for his removal, it was not necessary that the charge should be formulated in technical language similar to that of a declaration or indictment." And they cite with approval State v. Common Council of the City of Superior, 90 Wis. 612, where it is said: " These principles govern the charges made as well as the procedure. The charge does not need to be drawn with the accuracy of an indictment. It is sufficient if the accused be furnished with the substance of the charge against him." See also Heaney v. City of Chicago, 117 Ill. App. 414, and cases cited.

In People v. Bd. of Police Comrs., 93 N. Y. 103, the court say : "As the board of commissioners do not constitute a court, its proceedings are not to be controlled or decided by the same degree of formality that would be required upon

a charge of a criminal offense before ordinary tribunals of justice."

Petitioner objects that the commission did not examine into the truth of the charges when the board reported its finding and ordered the removal of petitioner, nor give him notice of its proposed action. The statute does not require the commission to investigate the truth of the finding of its trial board, nor to call petitioner before them when they pass upon such finding.

Why the attorney of petitioner was not permitted to take part in the trial, we are not informed. Such is the usual course of procedure. It seems, however, that the petitioner was permitted to conduct his own defense. The refusal to allow the attorney to represent petitioner in the active work of the investigation was at most an irregularity which, however great, did not constitute a deprivation of rights without due process of law, and therefore did not render the finding of the board void nor make the order discharging the petitioner of no effect.

The contention " that everything that occurred upon the hearing was in relation to circumstances and events which happened and transpired more than two years and eleven months before said charges were preferred," is not well founded. Petitioner was not being tried in the Criminal Court for the commission of a crime, in which case, if the facts warranted it, he might have relied upon the Statute of Limitations; but his conduct was being investigated to ascertain if there was cause under the charges to remove him from office. In the latter case the Statute of Limitations has no place.

The allegation in the petition, " That said Civil Service Commission had no jurisdiction to hear said charges; that it assumed said jurisdiction without right, and its finding was without jurisdiction, without due process of law, and void and of no effect whatever," and other statements of like character contained therein, are legal conclusions of the pleader, and are not statements of facts. Chicago v. People, 210 Ill. 89.

In County of St. Clair v. People, 85 Ill. 398, a *manda-mus* case, the court said : " The rule is well and uniformly established that a relator must show a clear right before relief will be granted by the court in a proceeding of this character. If the right be doubtful or uncertain, the court will not interpose."

And in Yates v. People, 207 Ill. 327, it is declared that " It is well settled that a writ of *mandamus* will not be issued unless the petitioner shows a clear legal right to the writ; nor will such writ be issued unless the party applying for it shall show a clear obligation on the part of the person or body sought to be coerced to do the thing whose performance is asked for by the issuance of the writ." See also People v. McCullough, 210 Ill. 499; People v. Rose, 211 Ill. 252.

The petitioner was discharged February 23, 1904. He waited until December 8, 1904, before he attempted to enforce his alleged rights, without giving any excuse for the delay. We must not shut our eyes to the injurious tendency of delay upon the practical operation of municipal affairs. In People v. Olsen, 215 Ill. 622, it is said : " The writ of *mandamus* is not a writ of right, and is largely within the sound discretion of the trial court to refuse to issue it. When a writ of *mandamus* is asked the court may inquire whether it will operate impartially, create confusion and disorder, and whether it will or will not promote substantial justice. Courts may, in view of the consequences attendant on the issuing of a writ of *mandamus*, refuse the writ, though the petitioner has a clear legal right, for which *mandamus* is a proper remedy."

The power to remove an appointive officer for cause tends to promote good behavior upon the part of such appointee.

We do not see but that substantial justice was accorded the petitioner in his trial before the board; and that as an impairment of the discipline of a force that is *quasi*-military in its character is to be avoided if it can be accomplished

without injustice to litigants, we are unwilling to interfere with the result reached in this case.

The judgment of the Superior Court is affirmed.

*Affirmed.*