**People, ex rel. Joseph D. King, Plaintiff in Error, v. City of Chicago, Defendant in Error.**

**Gen. No. 14,368.**

1. MANDAMUS—*what essential to award of writ.* To entitle a relator to the award of the writ of mandamus, it is incumbent upon him to state in his petition every necessary and essential fact which *prima facie* at least shows that he is entitled to the writ.

2. MANDAMUS—*what essential averment in petition to compel restoration to police force.* A petition filed for a writ of mandamus to compel civil service commissioners to restore the relator to the office of a patrolman must allege the existence of the office of patrolman and that the same was created either by statute or by an ordinance legally enacted by the municipality.

3. MANDAMUS—*when laches bars issuance of writ.* A delay of ten months unexplained between a discharge as patrolman and an application by mandamus for restoration, will bar the issuance of the writ.

Mandamus. Error to the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed March 22, 1909.

A. D. GASH, for plaintiff in error.

EDWARD J. BRUNDAGE, CLYDE L. DAY and EMIL C. WETTEN, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The controversy in the case at bar is in all respects, both of law and fact, analogous to the case of People *ex rel.* McKenna v. City of Chicago, 127 Ill. App. 118, and what was there said is equally decisive of this case. It has the further analogy of having been decided by the same learned judge sitting at *nisi prius*.

King was a policeman of the city of Chicago, put upon the force under civil service procedure, and after due notice and a hearing before the Civil Service Commission, on charges duly made, was on February 23, 1904, removed 'from the police department for violation of Rule 67. On December 28, 1904, King filed a petition for a *mandamus* to compel his reinstatement upon the police force. The city of Chicago interposed a general demurrer to relator's petition, which being sustained, his petition was dismissed. Relator now brings the record to this court for our review, seeking a reversal of the judgment of the Superior Court.

To entitle relator to an award of the writ of *mandamus* it was incumbent upon him to state in his petition every necessary and essential fact, which *prima facie* at least showed that he was entitled to the writ. An essential and indispensable averment was that the office of patrolman existed and was created either by statute or an ordinance lawfully enacted by the city of Chicago. This the petition utterly failed to do. Stott v. City of Chicago, 205 Ill. 281. The Supreme Court say in People *ex rel.* Kisselberg v. City of Chicago, 210 Ill. 479: "Appellant fails to show the legal creation or existence of the office he claims to hold, nor does he show that he was in any legal manner elected or appointed to said office. If such an office exists in the city of Chicago, it can only be by virtue of some ordinance creating the same and providing the manner of filling the same. As no such office is

created by statute, and as no ordinance is pleaded or set forth in the petition of appellant, by reference or otherwise, the courts of general jurisdiction of this state are unable to say such an office exists as appellant claims to hold, or that he was or could be legally appointed to the same. * * * He must show not only the legal existence of the office, but his clear legal right to hold the same and to receive the emoluments thereof, to entitle him to the writ prayed. This he has failed to do, and the demurrer to his petition was properly sustained''.

While the above reasons are all sufficient for denying relator the writ prayed, still there is another insuperable obstacle in his path to success, and that is the *laches* imputable to relator for a delay exceeding ten months between the time of his dismissal and the filing of his petition for a writ of mandamus.

Confronted with the decision in Clark v. City of Chicago, 233 Ill. 113, there is no escape from the laches imputable to relator, and the avenue of redress is therefore forever closed against him in this proceeding. In the Clark case the end here sought by *mandamus* was there sought through a review by writ of *certiorari*. The cases are analogous for the end aimed at is the same, although the means differ simply in procedure through which the end is sought to be accomplished. The doctrine of laches, however, is as readily invokable in the one case as in the other. The court say in Clark case *supra*: ''The petition for the writ in this case was filed ten months after the petitioner had been removed from office, and as the petitioner makes no showing why said petition was not filed at an earlier date and within six months of the date of the entry of the order of removal by the Civil Service Commission, we think the appellee should be held to be barred, by reason of his laches, of his right to have said order reviewed by the common law writ of *certiorari*, and that the Superior Court did not err in quashing the writ and dismissing the petition''.

These remarks are of equal force and pertinency to relator's petition for the writ of *mandamus,* for by this writ he is seeking the same review as Clark did by his *certiorari* proceeding.

For the reasons assigned above, relator is barred from the relief prayed in his petition. The sustaining of respondent's demurrer to relator's petition was without error, and the judgment of the Superior Court is affirmed.

*Affirmed.*