People of the State of Illinois, ex rel. Oscar S. Holty, Appellee, v. City of Chicago et al., Appellants.

Gen. No. 14,448.

MANDAMUS—*when laches defense.* In a proceeding by *mandamus* against the civil service commission to compel restoration to the office of policeman a delay of over nine months between the dismissal of the relator and the filing of the petition for *mandamus*, if unexplained, constitutes laches which bars the right to the writ.

*Mandamus.* Appeal from the Superior Court of Cook county;

the Hon. BEN M. SMITH, Judge, presiding. Heard in this court at the March term, 1908. Reversed and remanded with directions. Opinion filed April 12, 1909.

EDWARD J. BRUNDAGE, Corporation Counsel, CLYDE L. DAY and EMIL C. WETTEN, for appellant.

No appearance by appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The Superior Court granted a writ of *mandamus* against the respondents upon the petition of relator Holty, commanding them to restore Holty to the position and emoluments of a policeman from which he was dismissed by order of the Civil Service Commission of Chicago on June 8, 1906, upon charges preferred against him by the Superintendent of Police.

Relator does not defend against this appeal. The petition for *mandamus* was filed March 28, 1907. The respondents interposed a general demurrer to the petition, which the trial judge overruled, and they electing to stand by their demurrer the writ was awarded, from which judgment this appeal is prosecuted. The action of the court in overruling respondents' demurrer and in granting the writ of *mandamus* is assigned for error.

Appellants' contentions have all been settled in quite a number of similar cases in their favor, so that they are not now open to dispute. We will therefore discuss but one principle, which if we were to concede, which we certainly do not, that all of the other contentions were not well made, still this one would be conclusive against the right of relator to prevail. We refer to the doctrine of *laches*. The time between the dismissal of relator and the filing of his petition for a *mandamus* deducible from the dates quoted above is 9 months and 20 days. Such a delay has frequently been held to be such *laches*, in cases where it has been attempted, as here, to restore a discharged policeman

to his former position and emoluments, as to be an effective and insuperable bar to relief. As said by this court in People *ex rel.* King v. City of Chicago, in 147 Ill. App. 591, "confronted with the decision in Clark v. City of Chicago, 233 Ill. 113, there is no escape from the *laches* imputable to relator and the avenue of redress is therefore forever closed against him in this proceeding." The court say in the Clark case as quoted in our opinion *supra*: "The petition for the writ in this case was filed ten months after the petitioner had been removed from office and as the petitioner makes no showing why said petition was not filed at an earlier date and within six months of the date of the entry of the order of removal by the Civil Service Commission, we think the appellee should be held to be barred by reason of his *laches,* of his right to have said order reviewed." The court said in People v. Olsen, 215 Ill. 622: "the writ of *mandamus* is not a writ of right, and is largely within the sound discretion of the trial court to refuse to issue it. When a writ of *mandamus* is asked the court may inquire whether it will operate impartially, create confusion and disorder and whether it will or will not promote substantial justice. Courts may in view of the consequences attendant on the issuing of a writ of *mandamus,* refuse the writ, though the petitioner has a clear right for which *mandamus* is a proper remedy." People v. McKenna, 127 Ill. App. 118; Heaney v. City of Chicago, 117 *ibid.* 405; City of Chicago v. Condell, 224 Ill. 597. As relator failed to state in his petition any fact tending to excuse the delay in filing his petition under the decisions cited, the doctrine of *laches,* invokable by way of demurrer, is a complete bar to relief.

The Superior Court erred in overruling the demurrer of appellants to appellee's petition for a writ of *mandamus,* and its judgment is therefore reversed and as the relator is not entitled to the writ the cause is re-

manded to the Superior Court with directions to enter an order sustaining the demurrer of respondents and dismissing the petition of relator.

*Reversed and remanded with directions.*