The People of the State of Illinois ex rel. George H. Campion, Petitioner and Appellee, v. Association Western Union Employees et al., Defendants and Appellants.

## Gen. No. 32,326.

Opinion filed November 7, 1928. Rehearing denied November 23, 1928.

EASTMAN, WHITE, HAWXHURST & LIND, for appellants; HOMER C. DAWSON, of counsel.

JOHN M. LOWERY, for appellee; FRANK JOHNSTON, JR., of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

On August 11, 1926, the relator, George H. Campion, filed his petition for a writ of mandamus against "Association Western Union Employees," and its officers as above entitled. The petition set forth that the Association Western Union Employees is a voluntary, unincorporated association transacting business in the United States, Cuba and parts of Canada, with headquarters at 166 West Jackson Boulevard, Chicago; that the executive and governmental powers of the association are vested in its board of directors, composed of its general president and eight vice presidents, and that the association was organized at the city of Chicago during the month of July, 1918, setting forth the material provisions of its constitution, which it is unnecessary here to repeat.

The petition further avers that relator in the month of April, 1925, was duly elected a vice president of said Association Western Union Employees, for the "Lake Division" of said association, to serve for a term of two years, and that the vice presidents of said association, by virtue of their office under the constitution, were members of the board of directors of said association, and that the vice presidents so elected are the supreme governing authority within their respective divisions; that said vice presidents are paid a salary for their services by the association; that the salary fixed by the association was fixed by the St. Louis General Assembly in 1925, at $325 per month for all those vice presidents devoting all of their time

to said association's business, and that relator, as such vice president, devoted all of his time to the business and affairs of said association; that relator served the association continuously as a vice president and member of the board of directors from the month of September, 1919, when he was first and unanimously elected to said offices; that said relator served the association from the time of his election in April, 1925, up to and including July 27, 1925, when his services were terminated in manner as follows:

That the president of said association, Joseph P. Hayes, exercising the power vested in him under Article X, section 4, issued a call to the members of said board of directors to meet in special session at general headquarters, 166 West Jackson Boulevard, Chicago, on July 23, 1925; that at the meeting so called the said board of directors, on July 27, 1925, by a vote of 5 to 2 (one director being absent), in disregard of the procedure prescribed by said constitution of the association and Robert's Rules of Order to which said association legislated to subscribe to and follow as its guide in all parliamentary procedure, did unlawfully, maliciously and wrongfully vote to and did expel the relator as vice president, as a member of the board of directors, and as a member of said Association Western Union Employees. For many reasons set forth by relator in his petition he averred that said action expelling him as aforesaid was irregular and not in accord with the directions of the constitution of the association.

Relator prays that a writ of mandamus issue, directed to the respondents, in the title of this proceeding above named, and that they be ordered and directed to restore relator to the full rights, privileges and prerogatives enjoyed by him at the time of his expulsion from the offices held by him and his membership in said association, and that full compensation be awarded to

him for the time lapsed from the time of said expulsion up to and including the date of the filing of his petition.

To this petition a general and special demurrer was filed by respondents September 25, 1926. As a special cause of demurrer it was alleged that "the petition on its face shows that petitioner is guilty of laches." The general and special demurrer to the said petition was on February 21, 1927, sustained, and leave given relator to file an amended petition, which was filed by relator on February 28, 1927.

The amended petition set forth substantially, with some slight additions, the averments of the original petition. To the amended petition on March 7, 1927, respondents interposed a general and special demurrer, in which *inter alia* is set forth as a special cause of demurrer that "the petition on its face shows that petitioner is guilty of laches." On a hearing of the demurrer the court overruled the same, the order so doing being entered of record on April 7, 1927. It appears that in said order the respondents were ruled to answer the amended petition by ten o'clock April 12, 1927, at which time the court set the cause for hearing against the protest of respondents' counsel.

On April 12, 1927, the court called the case for trial, and the court, refusing to heed the request of respondents for a postponement of the hearing, held that the respondents were in default by having failed to plead or answer on April 12, 1927. Whereupon the respondents continued to protest against a hearing on that day, and that proving of no avail, they stood by their general and special demurrer to the amended petition. Thereupon the court proceeded to trial and awarded the writ of mandamus against the respondents as prayed for in the amended petition, ordering that the relator be restored to his offices and membership. The court heard testimony regarding relator's claim for salary, extra compensation and interest from the date

of his expulsion from office, and entered a finding that there is due to the relator from respondent association the sum of $7,302.66, and entered a judgment thereon for that sum, from which order and judgment respondents bring the cause by appeal to this court for review.

In the conclusion to which we have arrived in this case it becomes unnecessary to discuss any assignment of error saving only that which brings before us the contention that relator is guilty of such laches that he is not entitled to maintain this action for mandamus to restore him to his former position with the respondent association, or to recover any compensation from the time of his expulsion from his offices, employment and membership.

The petition and the amended petition both show upon their face, by proper averments, that relator was expelled from the respondent association on July 27, 1925, and that this suit for mandamus was commenced by relator and his original petition filed on August 11, 1926, a period of time of 14 days more than one year from relator's expulsion. In this class of action the law for cogent reasons will not tolerate laches, and it has been held in similar cases, where the writ of mandamus has been applied for to restore a relator to his office, that delays of six, nine and ten months constitute laches inhibiting relief by mandamus. Naught appears from any averment in either of the two petitions which would operate to excuse the relator from proceeding with reasonable promptness to assert his rights to the offices from which he may have been improperly removed.

As the petitions, both original and amended, of relator show upon their face that relator was chargeable with laches, both the petition and the amended petition were vulnerable to the demurrers filed to them respectively, in both of which as a special cause of demurrer the rule against laches was invoked.

In *Schultheis v. City of Chicago,* 240 Ill. 167, the relator was denied relief solely upon the ground of laches, the court in its opinion stating, *inter alia:*

"It is asserted with great vigor that *laches* cannot be relied upon as a defense in any suit at law, and it is said, to quote the language of counsel, *'laches* is a defense which may be interposed in a court of equity only.' "

To this the court said:

"This is a mistake. Cases are common in this court in which *laches* has been regarded as affording a defense in proceedings in *quo warranto* and in proceedings in *certiorari,* both of which are at law. *Clark v. City of Chicago,* 233 Ill. 113; *City of Chicago v. Condell,* 224 id. 595; *People v. Hanker,* 197 id. 409; *Trustees of Schools v. School Directors,* 88 id. 100; *People v. Schnepp,* 179 id. 305.

"In the case cited from the 233d we held that a member of the Chicago police force claiming to have been wrongfully removed would be barred by *laches* from his right to have the record of the civil service commissioners reviewed by *certiorari* if he delayed more than six months in beginning his suit unless the delay was satisfactorily explained by the petition for the writ. We are satisfied that we should adhere to the *Kenneally case."*

In *Clark v. City of Chicago, supra,* six months was held to constitute laches barring a recovery.

In *People ex rel. Holty v. City of Chicago,* 148 Ill. App. 96, a delay in filing the petition of nine months and twenty days from the time of dismissal from office was held to be such laches as to bar a right of restoration to the position sought to be regained, and we there said:

"Such a delay has frequently been held to be such laches, in cases where it has been attempted, as here, to restore a discharged policeman to his former posi-

tion and emoluments, as to be an effective and insuperable bar to relief.''

Continuing this court said: "As relator failed to state in his petition any fact tending to excuse the delay in filing his petition under the decisions cited, the doctrine of *laches,* invokable by way of demurrer, is a complete bar to relief.''

In *People ex rel. King v. City of Chicago,* 147 Ill. App. 591, this court said:

''To entitle relator to an award of the writ of *mandamus* it was incumbent upon him to state in his petition every necessary and essential fact, which *prima facie* at least showed that he was entitled to the writ.''

\* \* \*

"While the above reasons are all sufficient for denying relator the writ prayed, still there is another insuperable obstacle in his path to success, and that is the *laches* imputable to relator for a delay exceeding ten months between the time of his dismissal and the filing of his petition for a writ of mandamus.''

For the reason above set forth the judgment of the superior court is reversed with directions to that court to sustain the demurrer of respondents to the amended petition for mandamus, and to dismiss the same.

*Judgment reversed with directions.*

WILSON and RYNER, JJ., concur.