The People of the State of Illinois ex rel. Thomas B. McSweeney, Appellee, v. Richard J. Collins et al., Appellants.

Gen. No. 36,558.

WILSON, J., dissenting.

1

2

Opinion filed June 20, 1934.

WILLIAM H. SEXTON, Corporation Counsel, and FRANCIS J. VURPILLAT, Assistant Corporation Counsel, for appellants.

CROW & LOEFF, for appellee.

MR. PRESIDING JUSTICE HALL delivered the opinion of the court.

This case was decided at the March term of this court and a rehearing granted.

By this appeal, defendants seek the reversal of a judgment in a mandamus proceeding, directing the civil service commission of the City of Chicago to place the names of petitioners in advanced positions on the list of eligibles for appointment as calker, because of the fact that they are war veterans, and, therefore, entitled to such advancement. Three similar suits were instituted upon the relation of three other persons named Calhoun, Clements and Gavin, occupying positions relatively the same as relator here. The same order was entered in the four cases, they are all here on appeal, and they have been consolidated for this hearing. The numbers of the cases here are 36,558, 36,559, 36,560 and 36,561. The hearings were had in the court below on what are termed second amended petitions filed by each of these persons on May 17, 1932, to which respondents filed general demurrers, which were overruled, and respondents elected to stand by their demurrers. The order of the court from which this appeal is taken indicates that various persons, not veterans, but listed as eligibles, and made parties to the petition of these petitioners, after being granted leave by the court, filed intervening petitions to these

petitions, to which intervening petitions demurrers were filed by respondents. By order of the court, these demurrers were overruled, appeals were taken from this portion of the order, but not perfected, so that they need not be considered here.

Prior to filing the petitions on May 17, 1932, Gavin and the other persons here mentioned, together with a number of others on December 4, 1931, filed a joint petition in the circuit court of Cook county, seeking in effect the same relief as is sought here. To this petition, general and special demurrers were filed, in which the point was raised that there had been a misjoinder of parties. Thereafter, this last mentioned petition was dismissed on motion of the attorneys for the petitioners. The record also indicates that on April 16, 1932, petitioners McSweeney, Calhoun, and Clements filed petitions in the circuit court of Cook county, all seeking relief similar to that sought by the amended petitions filed May 17, 1932. This opinion will cover the four cases.

The petitions recite in substance that the petitioners are citizens of the United States, and residents of the City of Chicago, county of Cook, State of Illinois; that during the year 1895 the City of Chicago adopted an Act of the Legislature of the State of Illinois, "An Act to regulate the civil service of cities," approved and in force March 20, 1895, as amended, and that the Act is now in full force in the City of Chicago; that the civil service commission, of which defendants are members, is the civil service commission created under said Act, and that this civil service commission had adopted certain rules as provided by the Act, which rules are now in full force and effect; that section 10½ of the Civil Service Act referred to, Cahill's St. ch. 24, ¶ 695, provides generally that persons who were engaged in the military or naval service of the United States during certain years shall be preferred for appointment

to civil offices, provided they are found to possess the capacity necessary for the proper discharge of the duties of such office, and it shall be the duty of the examiner or commissioner certifying the list of eligibles who have taken the examinations provided for in this Act, to place the name or names of such persons at the head of the list of eligibles certified for appointment. The petitioners furnished proof of their military service, they successfully passed the required examinations for the position or place of employment as calker, and classified in the public service as Branch II, Class H, Grade 3, Grade A, which is appropriated for this classified service. These examinations were held on July 28, 1930, and August 26, 1930, for all the persons involved, and the eligible list of the successful candidates who took the examinations at these times was posted on December 26, 1930. The proof of military service of the petitioners was filed with the secretary of the civil service commission on December 31, 1930. These four persons were given their respective places on the eligible list, together with some 51 other applicants who had passed the civil service examination for the position mentioned, 21 of whom were veterans and 30 of whom were not.

The theory of petitioners is that a veteran honorably discharged from the military service is entitled to have the list, as made up by the civil service commission, altered by order of the court, so that their names will be placed in an advanced position on this certified list, in order that they may receive appointment ahead of the others on such list. In making up the list referred to, the names of all those posted were distributed promiscuously throughout the list, without regard to whether they were veterans or not. It is not suggested that petitioners have not received employment but that they have been deprived of their *right* to employment according to their proper standing.

The defendants claim that inasmuch as the eligible list resulting from the examination was duly posted on December 26, 1930, that petitioners filed no proof of service or honorable discharge until December 30, 1930, that they made no protest against the posting of the eligible list at the time of such posting, that they apparently acquiesced in such listing, that they did not bring their original actions until the times mentioned, nor file their amended petitions upon which the hearing was had until May 17, 1932, almost a year and a half after the posting of the eligible list, that they have, therefore, been guilty of laches and that these actions should not prevail.

Appellees' positions seem to be that the Civil Service Act was adopted primarily for the benefit of persons employed by such governmental bodies as the City of Chicago. Such is not the case. To procure improvement in civil service is the main purpose of such enactments, and the protection of civil servants in their tenure of office or employment is collateral to the main purpose. In 5 Ruling Case Law, page 608, the purpose and scope of civil service laws is stated as follows:

"The civil service laws, a recent development in government, were designed to eradicate the system of making appointments primarily from political considerations with all its attendant evils of inefficiency and extravagance, and in its place to establish a merit system of fitness and efficiency as the basis upon which appointments to the civil service should be made. Such laws substitute for the uncontrolled will of the appointing officer the results of competitive examinations, and require that appointments to office be made from among those who have shown themselves by examination to be best qualified for positions in the civil service, and, as might be supposed, *result generally in improvement in the public service from the experience and proficiency acquired through merit,*

*and in a tenure of office which is independent of political favor."* (Italics ours.) .

In *People ex rel. Hansen v. Collins,* 351 Ill. 551, in an opinion of the Supreme Court of Illinois, a similar situation was presented to that presented here. In that case, the relator had been in the naval service of the United States, and had passed the examination before the civil service commission of Chicago for employment as a carpenter. Other persons took the same examination, some of whom were veterans and some of whom were not. The relator was certified for employment and served the probationary period of six months. All the successful applicants had served a like probationary period. In that case, the relator insisted that regardless of priority in the entry of service, veterans should be the last to be temporarily discharged and the first to be recalled to work, and the Supreme Court said:

"There is neither statutory provision nor implication giving a preference to veterans over other employees who are strangers to the military or naval service, either to retain employment whenever the necessity for temporary discharges from work arises, or to be recalled before such other employees whenever the necessity for temporary releases from employment ceases."

As stated, after these petitioners had taken the examinations, as provided by law, their names were posted on the eligible list on December 26, 1930, and they furnished proof of their military service on December 31, 1930, which gave them the right to priority of listing, which they seek to procure by order of the court in this proceeding. From the record it appears that none of them took any steps to assert this right until December 4, 1931, nearly a year after such right accrued, when these petitioners, with others, filed their petitions. This petition was dismissed on their motion. Afterwards, on April 16, 1932, as stated,

the petitioners, McSweeney, Calhoun and Clements filed petitions, which were apparently abandoned, and on May 17, 1932, almost a year and a half after the posting of this eligible list, the four amended petitions in question were filed. No reason is given for these delays.

In *Schultheis v. City of Chicago*, 240 Ill. 167, a petition was filed in the superior court of Cook county against the City of Chicago and certain of its officers for the purpose of having the name of the petitioner restored to the police pay roll, from which he was dropped on March 14, 1898. The original petition was filed March 11, 1903. Amended petitions were filed thereafter. The City of Chicago, respondent, urged that the relator had been guilty of laches. In passing upon the question as to whether or not laches could be urged as a defense, the Supreme Court said:

"It is urged in support of the demurrer that it appears from the petition as finally amended that the petitioner was guilty of such laches in bringing his action as barred any right that he might otherwise have had, and this contention finds support in the case of *Kenneally v. City of Chicago*, 220 Ill. 485, which is squarely in point. Kenneally and Schultheis were both appointed policemen of the city of Chicago in 1888. The names of both were dropped from the police pay-roll on the same day, March 14, 1898. Kenneally filed his original petition for mandamus on January 24, 1900. Schultheis filed his original petition for mandamus on March 11, 1903. Kenneally filed his amended petition, to which a demurrer was sustained and by which he elected to abide, on December 19, 1904. In the *Kenneally* case we held that the appellant had been guilty of such laches as authorized the trial court to sustain the demurrer to the petition, and if that case be followed on the question of laches the judgment in the case at bar must be affirmed, as no attempt is made by the petitioner's pleading to show any excuse

for the delay. Schultheis is represented by the same counsel who represented Kenneally, and they argue that the earlier case is wrong. We have upon their insistence again examined the questions involved and deem it necessary to notice in this opinion but one criticism of the former case. It is asserted with great vigor that laches cannot be relied upon as a defense in any suit at law, and it is said, to quote the language of counsel, 'Laches is a defense which may be interposed in a court of equity only.'

"This is a mistake. Cases are common in this court in which laches has been regarded as affording a defense in proceedings in quo warranto and in proceedings in certiorari, both of which are at law. *Clark v. City of Chicago,* 233 Ill. 113; *City of Chicago v. Condell,* 224 id. 595; *People v. Hanker,* 197 id. 409; *Trustees of Schools v. School Directors,* 88 id. 100; *People v. Schnepp,* 179 id. 305.

"*In the case ·cited from the 233d we held that a member of the Chicago police force claiming to have been wrongfully removed would be barred by laches from his right to have the record of the civil service commissioners reviewed by certiorari if he delayed more than six months in beginning his suit unless the delay was satisfactorily explained by the petition for the writ.* We are satisfied that we should adhere to the *Kenneally* case." (Italics ours.)

In *People v. City of Chicago,* 147 Ill. App. 591, this court held that a delay of 10 months between the discharge of a patrolman and an application by mandamus for restoration will bar the issuance of the writ.

In *People v. City of Chicago,* 148 Ill. App. 96, this court held that a delay of nine months in a similar case was fatal.

We are of the opinion that the petitioners were guilty of such laches as will bar their right to the relief prayed.

In view of the fact that the questions involved here are important to the City of Chicago, and to the various civil service employees, a rehearing of this case was granted. However, after an examination of the whole record submitted, together with the authorities, we are of the opinion that the original opinion as here modified should prevail, and that for the reasons stated the judgment of the circuit court should be reversed.

*Reversed.*

HEBEL, J., concurs.
WILSON, J., dissents.