Nott, Ch. J.,
delivered the opinion of the court:
The claimant’s counsel has presented an able and exhaustive argument upon what construction should be given the statutes *256 relating to the civil service and to the orders and rules of the President thereunder.
On the 2d of January, 1897, the President promulgated certain rules to govern the heads of Departments; and the present case turns, in the opinion of the court, upon rule 8, section 3, which is in these words:
‘ ‘A person selected for appointment shall be notified of his selection by the appointing or nominating officer, and upon his acceptance shall receive a certificate of appointment for a probationary period of six months, at the end of which period, if the conduct and capacity of the probationer are satisfactory to the appointing officer, his retention in the service shall be equivalent to his absolute appointment; but if his conduct or capacity be not satisfactory, he shall be notified that he will not receive absolute appointment because of such unsatisfactory conduct of want of capacity.”
The evidence shows that the present claimant received a probationary appointment, after examination and certification of his eligibility, on the 16th of August, 1898, as a carpenter in the Bureau of Engraving and Printing. He took the oath of office on the same day, and his period of six months’ probation then began to run.
On the 27th September, 1898, the chief of the machine division reported to the Director of the Bureau of Engraving and Printing that the services of five temporary carpenters could be dispensed with after Saturday evening, October 1, 1898, “ as their work on the temporary shed will be completed by that time.” On the 28th of September the Director of the Bureau adopted the recommendation and so reported to the Secretary of the Treasury. On the 1st of October the Secretary notified the claimant that his services “ are hereby discontinued from and after the 30th day of September, 1898.”
In the opinion of the court the civil-service laws and rules thereunder of the President were enacted and promulgated to prevent the discharge of employees whose services are needed but who may be discharged because-of other considerations than the welfare of the public service. This case, therefore, presents the question whether the statutes and the rules of the President compel the retention.of a person in service whose services are not needed.
The rule above quoted contemplates that the services will be desirable if the probationer’s conduct and capacity prove *257 to be satisfactory, and that he shall then be retained in the permanent service. What will be his status then? It can not be possible that Congress or the President intended that if a person should be taken into the permanent service he would be entitled to the employment for life, provided that his conduct and capacity continued satisfactory. In other words, it can not be possible that it was intended that there should be no discharge except for incapacity or misconduct, and that the employee should continue in the service whether there was work or no work, whether his services were needed or not needed. Such a retention would be a life tenure, an effect far beyond the intention of either the legislature or the Executive.
If a person in the permanent service can be discharged when his services are no longer needed, certainly no greater right to be retained can be inferred in favor of one who is merely a probationer. Such an employment and discharge as there was in the claimant’s case doubtless was a great disappointment to him, but in the absence of a statute or a contract binding the defendants to employ him for a definite period it must be held that the claimant’s case comes under the general rule of master and servant — that a person who is not hired for a specified period may be discharged when his services are no longer needed, and that such is the implied intent and understanding of the parties when the services begin.
The judgment of the court is that the petition be dismissed.