Peelle, Ch. J".,
delivered the opinion of the court:
The question for decision arises on the defendants’ demurrer to the petition on the ground that the facts averred therein are not sufficient in law to constitute a cause of action.
Although the claimant omits to set forth in his petition, as required by the rules of the court, his letter of appointment and the action of the various departments having to do with his claim, still, for the purpose of the demurrer, his counsel in open court concedes that the same, as certified by the executive departments, may be considered; and so treating them as parts of the petition the material averments are that the claimant was appointed by the Secretary of War December 13, 1904, for a probationary period of six months as storekeeper at a salary of $900 per annum in the Quartermaster’s Department at large at Vancouver Barracks, in the State of Washington, his appointment to take effect when he took the oath of office, as required by law; that he took the oath of office December 27, 1904, and entered upon the discharge of his duties and continued on duty until February 28, 1905, when he was suspended from duty by the post *88 quartermaster without pay upon the ground that he was not qualified for the duties of the office, of which on that date he was advised in writing, and thereafter the charges so preferred were investigated and sustained, and on July 8, 1905, the order of suspension without pay was ratified by the Secretary of War, and the claimant was discharged.
The claimant contends that he is entitled to pay from the date of his suspension to the date of his discharge, and apparently bases his right thereto on the ground that he was appointed for a probationary period of six months, although the probationary period expired on June 27. But this is immaterial in our view of the case, as the suspension of the claimant for inefficiency without pay, of which he was advised in writing, was to give him an opportunity to make successful defense. Having failed in this he was rightly discharged as of the date of his suspension. (Lellmann’s case, 37 C. Cls., 128.)
The claimant’s contention that because he had passed a civil-service examination and, pursuant to the rules prescribed by the Executive, had been appointed for a probationary period of six months, therefore his discharge prior thereto was a violation of such rule, can not be sustained, as neither the statute authorizing appointments nor the rules promulgated by the Executive governing the same cast upon the Government the obligation to continue the employment of such an one when his services are not needed (Brown’s case, 39 C. Cls., 255), much less when he is incompetent for the performance of the duties for which he was appointed. Such rules, though effective to regulate the conduct of subordinates subject to executive authority, may at the will of the Executive be rescinded; consequently it has been held that no vested right is acquired by the incumbent of an office by virtue of such regulation. (Carr v. Gordan, 82 Fed. Rep., 373, 379; Page v. Moffett, 85 Fed. Rep., 38-40.)
Paragraph 4 of section 2 of the civil-service act of January 16, 1883 (22 Stat. L., 403), provides for “a period of probation before any absolute appointment or employment ” is made; and therefore it may be said that the executive regulation fixing the probationary period at six months has *89 the force of law; yet neither the statute nor the regulation can be construed to bind the Government to retain in its employ an appointee who is found inefficient.
The civil-service act does not prescribe the tenure of office, nor was it intended to restrict the Executive in his power of removal or discharge of an officer subject to his appointment, except as provided by section 13, which in substance provides that no officer shall be discharged, promoted, or degraded for giving, withholding, or neglecting to make contributions for political purposes. This was the view of Circuit Judge Lurton in the case of Morgan v. Nunn (84 Fed. Rep., 551, 552), which was an action to enjoin an internal-revenue collector from the removal of a clerk in the classified service for political reasons, in respect to which the court, among other things, said: “ It is now well settled that, in the absence of constitutional or statutory regulation, the power of appointment carries with it, as an incident, the power to remove. This was first authoritatively determined in respect to appointments vested by the Constitution, or by acts of Congress, in the President, judges of United States courts, and heads of departments, in the case reported as In re Hennen (13 Pet., 230), the question there being as to the power of a district judge to remove a district court clerk. The doctrine in that case was followed in an elaborate opinion in Parsons v. United States (167 U. S., 324).”
But in the present case, as the claimant was suspended without pay for inefficiency, upon written charges which were investigated and found to be true, we need not further consider the force and effect of the rules promulgated by the Executive in respect to removals from office during the probationary period of an appointee: The claimant was removed in compliance with the rules of the civil service promulgated by the President; and we may add that the rule prohibiting removals except upon written charges, with notice and an opportunity to defend, of itself implies removal for just cause during the probationary period.
This is not the case of a wrongful suspension of an employee by a subordinate officer, as in the Wickersham case (201 U. S., 390), but was a suspension followed by removal *90 for just cause upon written charges, as prescribed by the rules of the civil service promulgated by the President, and for that reason the demurrer is sustained and the petition dismissed.
Booth, J., was not present when this case was tried and took no part in the decision.