Hat, Judge,
delivered the opinion of the court:
This is a suit brought by Thomas H. O’Neil to recover from the United States the sum of $25,494, alleged to be due bim for salary as a special employee in the Customs Service of the United States. The amount claimed covers the period from February 28, 1907, the date of his removal from office, to October 20, 1918.
On February 11,1907, the plaintiff was a special employee in the Customs Service of the United States, to which position he had been appointed by the Secretary of the Treasury, who was authorized by law to make such appointment. Some years before February 11, 1907, the President of the United States, by an Executive order, transferred the position of special employee in the Customs Service to the classified competitive civil service, so that on February 11, 1907, the plaintiff was by virtue of the aforesaid Executive order *94 in the classified competitive civil service. On that day the plaintiff was, by the Secretary of the Treasury, removed from the office which he held, which took effect on February 28, 1907, and since that date up to the present time the plaintiff has not held that office, nor has he rendered any service to the United States, as a special employee, or in any capacity, except that he was on October 20, 1918, appointed a customs agent. The plaintiff is now bringing an action, which he filed in this court on June 18, 1919, for the sum of $25,494, the amount of salary he would have received had he remained in the service of the United States from February 28, 1907, to October 20, 1918; and he bases his claim upon the ground that he was illegally removed from his office; that he was removed in violation of civil-service regulations ; that the Secretary of the Treasury in removing him from office did not comply with the requirements of the civil-service law, and that if he was illegally removed from his office he is entitled to receive the salary thereof whether he rendered service or not. In • effect, he claims that having once been appointed to the office he has the right to receive the emoluments thereof during his life, even if he is removed, if that removal was illegal.
At the time of the removal of the plaintiff from the office to which he had been appointed by the Secretary of the Treasury there was in effect paragraph 7 of civil-service rule 12, section 2, which reads as follows:
“2. No person shall be removed from a competitive position, except for such cause as will promote the efficiency of the service. When the President or head of an executive department is satisfied that an employee in the classified service is inefficient or incapable and that the public service will be materially improved by his removal, such removal may be made without notice to such officer or employee, but the cause of removal shall be stated in writing and filed. When misconduct is committed in the view and presence of the President or head of an executive department, removal may be made summarily, and no statement of reasons need be filed.”
The above rule is not a law; it is simply a regulation of the President of the United States, and it imposes upon the *95 President and the beads of executive departments certain duties, which they must perform when a removal from the competitive civil service is made. It is in no sense a guarantee to civil-service employees that they shall hold their offices if the duties imposed upon the heads of the departments are not complied with. It is, in effect, a rule established for the purpose of compelling heads of departments to refrain from dismissing persons from office for insufficient, frivolous, or political reasons. And Congress by the act of August 24, 1912, Sec. 6, 31 Stat., 555, adopted the principles embodied in said rule, and by making it a law made it possible to call to account any head of an executive-department who may violate it.
The rule above quoted does not in any way deprive the Secretary of the Treasury of his right to remove from office an officer whom he has appointed. The plaintiff was appointed to the office which he held by the Secretary of the Treasury whom Congress had clothed with the power to make such appointment. Having the power to appoint he had also, as incident to it, the power to remove. The rule above quoted requires the appointing power when he exercises his right of removal to follow a certain course of action. A duty is imposed upon the officer, but if he ignores it and removes a person from office, his action is not thereby illegal, nor is the removal rendered void and of no effect, nor can the person so removed claim that he has not been removed, and that he is entitled to continue in the office, to perform the services of the office, and to receive the compensation attached to it. As a matter of fact, he is removed; he ceases to be in the service of the United States, and his only remedy is to proceed without delay in a court of competent jurisdiction to try his right to the office. This the plaintiff did not do and never has done.
What was it the Secretary was required to do by the rule ? To state the cause of removal in writing and file it. The failure to comply with this requirement could have no bearing upon the legality of the removal. It was simply a rule which had for its purpose the regulation of the conduct of the head of the department. If he failed to comply with it, his conduct could be called in question, and the President *96 could, if he chose, reprimand him, or take any steps which he might deem best to correct him.
Even if the removal in this case was illegal, which is not the case, the illegal order of a subordinate officer will not. make the Government responsible for the salary of the plaintiff for a long term of years, during which period no service-has been rendered. In this case the office from.which the plaintiff was dismissed was abolished by law on July 1,1913r and he is suing in part for the compensation of an office which had no legal existence for more than seven years.
The principles involved in this case have been fully dealt with in the case of Arant v. United States, 55 C. Cls., 327, and in the case of Nicholas v. United States, 55 C. Cls., 188, where the authorities are fully cited.
Moreover, if the plaintiff ever had a right of action he has, lost it. His right of action, if he had any, accrued on February 28, 1907, or the day thereafter, as he was a per diem employee. Unless he sued within six years after his claim first accrued, his claim is barred. Section 156, Judicial Code. He did not file his petition in this court until June 18,1919, more than 11 years after the alleged right of action accrued.
For the foregoing reasons the petition of the plaintiff must be dismissed, and it is so ordered.
Graham, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.