The opinion states the averments of -the amended petition.
GRAham, Judge,
delivered the opinion of the court:
The petition alleges that Irene N. Richardson, a clerk in the registrar’s office of the Treasury Department, was illegally dismissed from the position she held; that her removal was in violation of section 6 of the act of Congress of August 24, 1912, 37 Stat. 555; and that she died on March 31, 1925. It is not alleged that she ever instituted any proceedings in court to try her right to the office. The original petition in this case was filed J anuary 18, 1927, and the amended petition on May 12, 1927.
The averments of the petition set forth that she was appointed as a temporary clerk and having passed the civil-service examination for typists thereafter took an examination and qualified as a Government pharmacist; that while acting in that capacity she was on J anuary 7, 1921, without notice or reason assigned, suspended from duty as of January 6, 1921, by the Acting Commissioner of Internal Revenue ; that being called upon to reply to certain charges, she demanded a copy of the charges that she might answer thereto and be reinstated; that no copy of the charges was furnished her and that on August 25, 1921, she received from the Treasury Department a notice of dismissal dated July 21, 1921, informing her that she “ had been dismissed with prejudice as of the close of business January 6, 1921,” because of alleged charges preferred against her of “ bribery and conspiracy to violate the Volstead Act that no prior notice of said charges had ever been served upon her or her counsel, no hearing thereon had been had at which decedent had been present or notified with respect thereto, or at which she had been giyen an opportunity to file an answer; that thereafter she tried to secure copies of the alleged charges, but was unable to do so; that at the time of her death— August 31, 1925 — she was and had been since August 25, 1921, a resident of the District of Columbia, and held herself ready at all times to perform the duties of the office; that her salary at the time of her dismissal was $1,800, and that plaintiff sues to recover her salary, $1,800, and a bonus of $240, from the date of her discharge to the date of her death.
The act, a violation .of which is relied upon for recovery, was passed upon and construed by this court in Thomas H. *235 O'Neil v. United States, 56 C. Cls. 89, 95. In that case the court said:
“ The rule above quoted requires the appointing power when he exercises his right of removal to follow a certain course of action. A duty is imposed upon the officer, but if he ignores it and removes a person from office, his action is not thereby illegal, nor is the removal rendered void and of no effect, nor can the person so removed claim that he has not been removed, and that he is entitled to continue in the office, to perform the services of the office, and to receive the compensation attached to it. As a matter of fact, he is removed; he ceases to be in the service of the United States, and his only remedy is to proceed without delay in a court of competent jurisdiction to try his right to the office. This the plaintiff did not do and never has done.”
The questions here presented were also passed upon in the following cases: Nicholas v. United States, 257 U. S. 71; Norris v. United States, id. 77; Eberlein v. United States, id. 82; Arant v. United States, 55 C. Cls. 327, and Myers v. United States, 272 U. S. 52.
As heretofore stated, plaintiff was suspended from office on January 7, 1921, and dismissed on July 21, 1921, and she died on March 31, 1925, never having instituted any proceedings in the courts to vindicate her right to the office during the three years and eight months she lived after her dismissal. This has been held to be such laches as would bar a recover}*-. See Nicholas v. United States, supra, where failure to proceed in three years was held to be laches. In the Nontis case, supra, a failure on the part of plaintiff to assert his rights for a period of a little over eleven months was held to be lack of exercise of reasonable diligence, and in the case of Morse v. United States, 59 C. Cls. 139, 155, plaintiff’s delay of thirteen months before filing his petition in this court was held to be laches.
In this case over five year’s intervened between the date of dismissal and the filing of the original petition in this court.
The demurrer should be sustained and the petition dismissed, and it is so ordered.
Moss, Judge; Booti-i, Judge; and Campbell, Chief Justice, concur.
Hat, Judge, absent.