Green, Judge,
delivered the opinion of the court:
The amended petition, filed February 3, 1928, shows that prior to February 11, 1921, the plaintiff held a commission as captain in the United States Marine Corps; that having been tried and sentenced by a general court-martial to be dismissed from the service of the United States, on January 31, 1921, the President confirmed the sentence of general court-martial; on February 10, 1921, the plaintiff was ordered to report to the commanding officer at the marine barracks, Washington, D. C., in order to receive the judgment of the court-martial; that on February 11, 1921, the plaintiff so reported and received a letter dated February 1, 1921, from the Secretary of the Navy stating, “ You are hereby dismissed from the naval service of the United States.” Plaintiff acknowledged the receipt of this letter on the same day and received a voucher for his pay from the Navy Department up to nine o’clock a. m. of February 11, 1921.
*318 The petition further recites that the general court-martial by which .the plaintiff was tried, and by which he was sentenced to be dismissed from the naval service of the United States, was held in part in London, England, and in part in Paris, France, during the months of March and April, 1919, in buildings and in places subject to the jurisdiction of the British Government and of the French Government, respectively; that said court-martial proceedings show on their face that they were held without legal authority, and that they were held in direct violation of the naval regulations made and provided for the conduct thereof, and were null and void; and specifically, that they were held in violation of section 215, page 183, of NaVal Courts and Boards (1917 edition).
Plaintiff also alleges that during the years 1921 to 1925, inclusive, he prosecuted his case diligently before the Congress of the United States in order that he might be restored to duty as a captain in the United States Marina Corps, but in 1926 found it impossible to prosecute his case vigorously because of lack of funds.
Plaintiff further alleges that he has at all times been ready and willing to perform the duties of a captain in the Marine Corps, but has not been permitted so to do, and that he is justly entitled to be paid by the Government at the regular salary of a captain in the United States Marine Corps to the date of the filing of the petition in this case, or $21,600 in all.
The defendant demurs to the amended petition specifically on the ground that the claim is barred by limitations, and generally on the ground that it does not state a cause of action against the defendant.
It may be doubted whether the plaintiff’s claim is barred by the statute of limitations. He was not actually dismissed until he received the order of the Secretary of the Navy on February 11, 1921, and the original petition was filed on February 10, 1927. It is not, however, necessary to determine this question if his claim is barred by laches.
It appears that about six years had elapsed after the dismissal of the plaintiff before suit was brought in this court. Assuming, as we must for the purpose of ruling on the
*319 demurrer, that plaintiff’s dismissal was wrongful, he was nevertheless required to be diligent in the assertion of his right to the office or the compensation attached thereto. In Nicholas v. United States, 257 U. S. 71, 76, the court said:
“Public policy requires that the Government shall be seasonably advised of the attitude of its officers and employees attempted to be displaced when they assert illegal removal or suspension as a basis for the recovery of the office or its emoluments.”
’In that case there was a delay of three years after the plaintiff’s removal from the office and he was held to be barred from asserting his claim by laches. In the case of United States Ex Rel. Arant v. Lane, 249 U. S. 367, twenty months’ delay was held sufficient to bar the action of the plaintiff. In Norris v. United States, 257 U. S. 77, so short a delay as eleven months was held to bar the plaintiff’s action. A number of other cases could be cited to the same effect.
The plaintiff contends that these decisions are not applicable to his case for the reason that he prosecuted his case diligently before the Congress of the United States during the years 1921 to 1925, inclusive, and found it impossible to carry on his case vigorously thereafter for want of funds.
We do not think this action was sufficient to prevent his claim from being barred. The petition fails to show any application for reinstatement or that the Secretary of the Navy was notified of his desire therefor or for revocation of the order of his dismissal. In short, the petition fails to show that the plaintiff took any steps to question the order dismissing him from the service except to apply to Congress for action on its part that he might be restored to duty in his former position. But in our view, the proceedings before Congress were not sufficient. His claim in the petition is that he was unlawfully discharged and the proper way to test this was by application to some court of competent jurisdiction if he considered application to the Secretary of the Navy useless. The proceedings before Congress, whether by petition or by appearance before a committee, or in whatever form they may have taken, were not *320 of such a nature that the Secretary of the Navy or the President was obliged to take notice thereof. In the case of O'Neil v. United States, 56 C. Cls. 89, 95, the court said:
“ The rule above quoted requires the appointing power when he exercises his right of removal to follow a certain course of action. A duty is imposed upon the officer, but if he ignores it and removes a person from office, his action is not thereby illegal, nor is the removal rendered void and of no effect, nor can the person so removed claim that he has not been removed, and that he is entitled to continue in the office, to perform the services of the office, and to receive the compensation attached to it. As a matter of fact, he is removed; he ceases to be in the service of the United States, and his only remedy is to proceed without delay in a court of competent jurisdiction to try his right to the office. This the plaintiff did not do and never has done.”
We agree with the decision in that case as to the remedy of plaintiff. He failed to exercise his remedy, but without excuse left the Government in such a situation that if his claim was sustained two salaries would be paid for a single service. In the language used by the court in Arant v. Lane, supra—
“the manifest inequity which would result from reinstating him renders the application of the doctrine of laches to his case peculiarly appropriate in the interests of justice and sound public policy.”
The demurrer must be sustained, and it is ordered that plaintiff’s petition be dismissed.
SiNNOTT, Judge; Moss, Judge; Graham, Judge; and Booth, Chief Justice, concur.