LittletoN, Judge,
delivered the opinion of the court:
Plaintiff brought this suit August, 1, 1941, to recover $6,845 as salary at the rate of $1,680 per annum from January 15, 1936, less $2,605 earned in private employment subsequent to that date.
*456 Plaintiff is a citizen and resident of Bishopville, South Carolina. He served in the United States Army as a first lieutenant from August 81, 1917, to June 18, 1919, when he was honorably discharged. From March 1, 1928, he was employed in the United States Prison Service, Department of Justice, under the Warden of the U. S. Penitentiary at Lewisburg, Pennsylvania, having been appointed to that service and duly qualified after examination, in accordance with the regulations of the Civil Service Commission. Pie was a classified employee in the Civil Service and, as such, was entitled to the protection of the provisions of section 6 of the Act of August 24, 1912, Title 5, U. S. Code, section 652, which provides that no person in the classified service shall be removed therefrom except for such cause as will promote the efficiency of said service and for reasons given in writing, and the person whose removal is sought shall have notice of same and of any charges preferred against him, and be furnished with a copy thereof, and shall also be allowed reasonable time for personally answering the same in writing. As an honorably discharged soldier he was entitled to the benefits provided for in section 648, Title 5, U. S. Code, which provides that in the event of reductions being made in the force in any of the executive departments no honorably discharged soldier or sailor whose record in said department is rated good shall be discharged or dropped or be reduced in rank or salary.
While serving as a guard in the Bureau of Prisons at the U. S. Penitentiary at Lewisburg, Pennsylvania, plaintiff received on September 3, 1935, a formal written notice of suspension from the Warden of the institution. This notice was given by the Warden under and in pursuance of the provisions of Civil Service Commission Bule XII, promulgated by the Commission in conformity with section 652, Title 5, U. S. Code. The charge upon which plaintiff was suspended from his position as guard was based upon alleged misconduct by reason of his “having written letters to officials of the Government, criticizing the administration of prison affairs.” Plaintiff promptly filed a sworn reply to the charge stating, in substance, that the letters mentioned in the notice of suspension were written by him *457 properly and in good faith and that the writing of such letters was not a violation of Civil Service Commission Rule XII. After receipt of plaintiff’s reply to the formal written charge given him, upon the basis of which he was suspended, the suspension of plaintiff from his position in the Prison Service was continued and plaintiff was never permitted to resume his duties as a guard in the Prison Service, either at the U. S. Penitentiary at Lewisburg, Pennsylvania, or elsewhere. No formal hearing at which the plaintiff was present was had upon the written charge theretofore furnished him, but it is not alleged that plaintiff requested a hearing or that he was denied an opportunity to be heard before the proper official, or officials.
Plaintiff took no further steps in the matter until October 4,1935, when he wrote a letter to the Director of the Bureau of Prisons expressing his regret of the mistake he had made in writing the letters criticizing the U. S. Prison administration. On October 8, 1935, he received a reply from the Assistant Director of the Bureau of Prisons which stated in part as follows:
The Director has authorized me to say that he accepts your explanation of the transaction which resulted in your present suspension, and that in connection with your efforts to secure a transfer he is willing to give you the best letter of recommendation he could consistently issue. I am enclosing a draft of the letter of recommendation he would be willing to give you.
If you will send us your application for leave without pay, we will arrange to terminate your suspension, with the understanding that while you will be officially a part of the Prison Service, you do not report back for duty at Lewisburg but retain the status of an employee on leave without pay pending your efforts to secure a transfer, to some other branch of the service.
The “letter of recommendation,” a draft of which was sent to plaintiff with the above-quoted letter of October 8, was subsequently signed by the Director of Prisons, and contained the following statement in regard to plaintiff:
This employee was appointed at the U. S. Industrial Reformatory at Chillicothe, Ohio, March 1, 1928. Under date of August 7, 1929, he was transferred to *458 the U. S. Penitentiary, Atlanta, Ga. From the latter institution he was transferred April 1, 1980, to the New Prison Camp opened near Fayettesville, N. C. He was then transferred to assist in opening the new camp near Petersburg, Virginia, May 4, 1930. He was promoted to the position of Lieutenant at Petersburg, Va., December 22, 1930, but at his request was transferred back to Fort Bragg, July 4, 1931, resuming the status of guard. When the Camp at Fort Bragg was discontinued he was transferred, December 12, 1933, to the new Northeastern Penitentiary near Lewisburg, Pa., in which institution he is now employed.
During this period of employment he has rendered faithful, conscientious service. Reports from his superior officers show him to be a competent employee.
Plaintiff accepted the conditions set forth in the Director’s letter of October 8, 1935, and on October 11, 1935, applied for leave without pay; upon receipt of plaintiff’s letter the Director granted the application and on October 19, 1935, plaintiff received from the Director of the Bureau of Prisons, through the Assistant Director, a letter confirming the arrangement and enclosing a copy of a letter of October 17, 1935, from the Director to the Warden of the Lewisburg Penitentiary with respect to the termination of plaintiff’s service at that institution and termination of his suspension on the conditions hereinbefore mentioned. The Director’s letter to the Warden at Lewis-burg contained, among others, the statement that “We consider that the discipline administered Mr. Baskin through the medium of suspension * * * is sufficient * *
Thereafter plaintiff made efforts to obtain a position in some other branch of the Government service to which he could be transferred under the arrangement hereinbefore stated, but without success. Thereafter, at some date not alleged, plaintiff sought reinstatement to his former position as a prison guard, but without success. Thereafter, at some time not alleged, the plaintiff consulted legal counsel, and his counsel made a request to the Director of Prisons for information. On January 15, 1936, plaintiff’s counsel received a letter from the Director of the Bureau of Prisons in which the Director stated in part that plaintiff’s “time *459 is up now, and Ms appointment is, therefore, being terminated for the good of the service.”
In September 1937, about one year and eight months after receipt of the Director’s letter of January 15, 1936, plaintiff, on advice of his counsel, instituted suit in the District Court of the United States for the Eastern District of South Carolina for salary as a Civil Service employee of the United States. April 6, 1940, the court dismissed the suit for lack of jurisdiction under subdivision 20 of section 41, Title 28, U. S. Code, which provides in part that nothing in that paragraph should be construed as giving the District Court jurisdiction of cases brought to recover fees, salaries, or compensation for official services of officers of the United States. Thereafter the plaintiff was advised by his counsel to bring suit in this court and, accordingly, the present suit was instituted August 1, 1941, about one year and four months later.
The salary of the position of guard at the Lewisburg Penitentiary which plaintiff was receiving up to the time his employment in the Prison Service was suspended September 3, 1935, and the rate of pay attaching to such position of guard since that time, has been and is $1,680 a year.
Between January 15, 1936, and August 1, 1941, the date of filing of the petition herein, plaintiff has earned and received $2,605 from private employment.
From the foregoing statement of facts, which are those set forth in the petition, we are of opinion that plaintiff has not stated a cause of action entitling him to recover salary as a prison guard. The facts show that plaintiff’s employment in the Federal Service as a prison guard at Lewisburg, Pennsylvania, was first suspended September 3, 1935, and was completely terminated by the Warden and the Director of the Bureau of Prisons on October 17, 1935, upon the written charges made which, as far as that position was concerned, were never vacated or set aside and plaintiff was never restored to or advised that he would be restored to that position at the salary for which he here brings suit. That action of the proper Government officials was in accordance with the statute (sec. 562, U. S. *460 Code, supra) and the regulations of the Civil Service Commission, and is not subject to review here. Burnap v. United States, 252 U. S. 512, 518-520; Norris v. United States, 257 U. S. 77, 81, 82; Medkirk v. United States, 44 C. Cls. 469, 481; Ruggles v. United States, 45 C. Cls. 86, 89.
The subsequent arrangement between the Director of the Bureau of Prisons and plaintiff, which existed from about October 8, 1935, to January 15, 1936, to the effect that if plaintiff would make application for leave without pay his suspension from Government service, in order that he might make efforts to secure a transfer to some other position in the Government service, would be terminated with the understanding that, although plaintiff while on leave without pay would be officially a part of the Prison Service, he could not report back for duty at Lewisburg, Pennsylvania, but would be in the status of an employee on leave without pay pending his efforts to secure a transfer to some other branch of the Government service, did not in any way or at any time give plaintiff the right to demand the position of prison guard from which he had been removed, or the pay thereof. Plaintiff has no right by statute or otherwise to recover compensation from the Government because he was not given some other position in the Government service, and the termination for the good of the service of plaintiff’s appointment while he was in the status of an employee on leave without pay, after he had been given an opportunity to obtain a position in some other branch of the Government service to which he could be transferred, was clearly not illegal. Moreover at the time plaintiff’s appointment, while he was in the status of being merely an employee on leave without pay, was terminated for the good of the service on January 15, 1936, plaintiff was not holding any position in the Government service from which he was entitled to any compensation. In any event, we think plaintiff was guilty of laches after January 15, 1936, in asserting his claim. Arant v. Lane, 249 U. S. 367, 369-372. The fact that plaintiff was an honorably discharged soldier does not under the facts of this case affect the decision. Keim v. United States, 177 U. S. 290, 295, 296; Medkirk v. United States, supra.
*461 The defendant’s motion to dismiss is sustained and the petition is dismissed. It is so ordered.
Madden, Judge; Jones, Judge; Whitaker, Judge; and Whaley, Chief Justice, concur.