Littleton, Judge,
delivered the opinion of the court:
The plaintiff, after passing an examination before the Board of Foreign Service of the State Department, was on September 14, 1917, appointed by the President with the advice and consent of the Senate as Consul, Class VIII, of the United States. July 1, 1924, the President, with the advice and consent of the Senate, appointed plaintiff a Foreign Service Officer, Class VII, to hold and exercise that office during the pleasure of the President and until the end of the next session of the Senate, and no longer. Thereafter, December 20,1924, the President, with the advice and consent of the Senate, appointed plaintiff a Foreign Service Officer, Class VII, to hold and exercise that office during the pleasure of the President. Thereafter plaintiff was assigned and served as set forth in finding 2.
Sections 32 and 33 of the act of February 23,1931,46 Stat. 1207,1214,1215 (Title 22 U. S. C., Sections 23 (h) and (i)), read as follows:
Seo. 32. The Division of Foreign Service Personnel shall assemble, record, and be the custodian of all available information in regard to the character, ability, conduct, quality of work, industry; experience, dependability and general availability of Foreign Service ■officers, including reports of inspecting officers and *37 efficiency reports of supervising officers. All such information shall be appraised at least once in two years and the result of such appraisal expressed in terms of excellent very good, satisfactory, or unsatisfactory, accompanied by a concise statement of the considerations upon which they are based, shall be entered upon records to be known as the efficiency records of the officers', and shall constitute their efficiency ratings for the period. No charges against an officer that would adversely affect his efficiency rating or his value to the service, if true, shall be taken into consideration in determining his efficiency rating except after the officer shall have had opportunity to reply thereto. The Assistant Secretary of State supervising the Division of Foreign Service Personnel shall be responsible for the keeping of accurate and impartial efficiency records of Foreign Service offi- ■ cers and shall take all measures necessary to insure their accuracy and impartiality. * * *
Sec. 33. * * * Whenever it is determined that the efficiency rating of an officer is unsatisfactory, thereby meaning below the standard required for the service, and such determination has been confirmed by the Secretary of State, the officer shall be notified thereof, and if, after a reasonable period to be determined by the circumstances in each particular case, the rating of such officer continues to be found unsatisfactory and such finding is confirmed by the Secretary of State after a hearing accorded the officer, such officer shall be separated from the service with the annuity or bonus provided in this section * * *
Executive Order of June 8, 1931, provided that all action taken by the Board (the Foreign Service Personnel Board) shall be strictly nonpartisan, and based exclusively upon the record of efficiency of the officers concerned.
Cases of the character of the present one involving claims for the recovery of salary present two questions: First, whether or not the removal was illegal, and, second, whether plaintiff has been guilty of laches in bringing suit. A suit to recover salary for removal from office contrary to and in violation of a law of Congress is within the jurisdiction of this court under section 145 of the Judicial Code; Title 28, U. S. C., section 250. Richardson v. United States, 64 C. Cls. 233; United States v. Wichersham, 201 U. S. 390; Burnap v. United States, 252 U. S. 512, 518-520; Norris v. United *38 States, 257 U. S. 77, 81, 82; Medkirk v. United States, 44 C. Cls. 469; Ruggles v. United States, 45 C. Cls. 86. The defense of laches is applicable to such a suit. Arant v. Lane, 249 U. S. 367, 372; Nicholas v. United States, 257 U. S. 71, 75-77; Norris v. United States, supra; Baskin v. United States, 95 C. Cls. 455; certiorari denied, 316 U. S. 675.
The first question to be decided is whether the officer was legally or illegally removed. If the proof shows that he was legally removed, that ends the matter — for if the action of the proper Government officials conformed to and complied with the statute or applicable regulations their decision is not subject to review by the court. Burnap v. United States, supra; Norris v. United States, supra; Medkirk v. United States, supra; Ruggles v. United States, supra; Baskin v. United States, supra.
After a careful study of the record in this case, we are of opinion that the-action of the-Secretary of State on March 16, 1932, effective March 31, complied with all Acts of Congress and the regulations. This action was confirmed by authority of the President after plaintiff, on March 24, 1932, had appealed to him on the grounds, as alleged by plaintiff, that there were no grounds for the action of the Secretary of State; that his efficiency record had not been called to his attention at any time since the passage of the act of February 23,1931, and that no charges had been preferred against him. The evidence shows that the information and facts before the Foreign Service Personnel Board of the State Department and the Secretary of State with reference to plaintiff’s personal and official conduct and ability showed that plaintiff’s character, ability, conduct, quality of work, industry, experience, dependability, and availability for foreign service were wholly unsatisfactory. As set forth in finding 4 the State Department, as a result of the information before it as to the unsatisfactory character of plaintiff’s record, on January 21, 1931, ordered plaintiff to appear before the Foreign Service Personnel Board on January 22, 1931, at 3 p. m. This hearing on plaintiff’s record was ordered and held for the purpose of giving plaintiff notice of his unsatisfactory record and conduct and of affording him an opportunity to be heard on that charge. Theretofore the State *39 Department bad been lenient with plaintiff in order to give him a chance to improve his conduct. He had been transferred from place to place by reason of unfavorable reports from his superiors, the last transfer being late in 1930, when his assignment to Stuttgart was terminated; he was then assigned to Buenaventura, Colombia. Plaintiff protested this transfer and sought assistance from certain members of the Senate to prevent it. The hearing before the State Department Foreign Service Personnel Board was held and plaintiff was advised of his unsatisfactory record and was heard thereon. He was later dismissed because of this unsatisfactory record on which the hearing had been held.
The Personnel Board considered plaintiff’s record to be unsatisfactory and so found, but concluded by reason of a request made on behalf of plaintiff, to afford him one more opportunity to improve his unsatisfactory record and to demonstrate, if he could, to the State Department his fitness as a foreign service officer. Accordingly, he was given a probationary assignment as consul at St. John, New Brunswick, Canada. The State Department made this assignment on condition that plaintiff would measure up to the requirements of a Foreign Service officer. Accordingly, on January 26, 1931, the State Department notified plaintiff of this assignment. After a year at St. John, the State Department received complaints with reference to the unsatisfactory conduct of plaintiff during his assignment there. The State Department made an investigation which disclosed that plaintiff had continued his unsatisfactory record, in that he had consistently neglected his duties at St. John; he had no standing whatever in the community and his conduct, under that assignment, had been such as to discredit the Government. This applied to plaintiff’s official and personal duties and conduct throughout his probationary assignment at St. John. As a result the State Department Foreign Service Personnel Board, on the basis of plaintiff’s record prior to January 21, 1931, the hearing held by the Board on such record on January 22,1931, and plaintiff’s conduct and record under the probationary assignment at St. John, recommended to the Secretary of State that plaintiff be removed from office. Accordingly, on March 16, 1932, the Secretary of *40 State removed the plaintiff effective March 31, 1932, as set forth in finding 5. Thereafter plaintiff appealed to the President and protested the action of the Secretary of State as set forth in finding 7. The President transmitted plaintiff’s protest to the Secretary of State and asked for his advice. The Secretary of State prepared and transmitted to the President a full report which reviewed plaintiff’s case, -whereupon the President after consideration of the matter returned the papers to the Secretary of State and directed that the State Department deal with the matter. Accordingly, after consideration by the State Department of plaintiff’s protest to the President, he was advised in writing that his separation from the service was confirmed and was effective March 31, 1932.
Upon these facts we think it is clear that plaintiff’s removal was not illegal and that the State Department in removing him from office acted in full compliance with the regulations of the State Department and the act of February 23,1931.
Plaintiff makes a point of the fact that the Secretary of State did not prefer further charges and grant him a second hearing on his record after the act of February 23, 1931, was approved. But this was not necessary to the legality of the action of the Secretary of State in removing plaintiff on March 16,1932. That action of the Secretary was the culmination of proceedings taken by him under and in conformity with the regulations and procedure in force before the act of 1931 was approved and which regulations and procedure, as well as the proceedings had by the State Department on plaintiff’s record, complied with and conformed to the procedure set forth in section 33 of that act. The Personnel Board had found plaintiff’s record to be unsatisfactory and had granted plaintiff a hearing thereon. The fact that plaintiff was given a probationary assignment in that connection, in order to afford him an opportunity to overcome his unsatisfactory record, in connection with which he utterly failed, did not compel the Secretary of State or the President to make further charges and grant plaintiff a further hearing. The President and the Secretary of State in the circumstances *41 did not deem such a second hearing necessary and in this they were clearly right. Plaintiff’s petition must therefore be dismissed. It is so ordered.
Madden, Judge; Jones, Judge; Whitaker, Judge; and Whaley, Chief Justice, concur.