WILLIAM J. CLARK, Appellee, *vs.* THE CITY OF CHICAGO
*et al.* Appellants.

*Opinion filed February 20, 1908—Rehearing denied April 8, 1908.*

1. CERTIORARI—*certiorari is not a writ of right.* The common
law writ of *certiorari* is not a writ of right, and when great public
detriment or inconvenience is likely to result from interfering with
the proceedings of the inferior tribunal the writ should not issue,
or if it has been improvidently issued should be quashed when the
facts are presented to the court.

2. SAME—*party should apply for certiorari within six months
from time of alleged irregular order.* By analogy to the statute
providing that *certiorari* shall not issue to review a judgment of
a justice of the peace more than six months after the rendition of
the judgment, application for *certiorari* to review acts of civil ser-
vice commissioners should be made within six months from the en-
try of the order sought to be reviewed, and if a greater time has
elapsed the delay must be satisfactorily explained in the petition.

APPEAL from the Branch Appellate Court for the First
District;—heard in that court on writ of error to the Su-
perior Court of Cook county; the Hon. JESSE HOLDOM,
Judge, presiding.

CLYDE L. DAY, and GEORGE W. MILLER, (EDWARD J.
BRUNDAGE, Corporation Counsel, of counsel,) for appel-
lants.

A. D. GASH, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the
court:

This was a petition for a common law writ of *certiorari,*
filed in the superior court of Cook county, to review the
action of the civil service commission of the city of Chicago
in removing William J. Clark from the police force of the
city of Chicago. The writ was issued and served, and upon
a return being filed the superior court quashed the writ and
dismissed the petition, and the judgment of the superior

233—8

court quashing the writ and dismissing the petition having been reversed by the Appellate Court for the First District, a further appeal has been prosecuted to this court.

The petitioner was removed from office on the 12th day of August, 1903, and the petition for the writ of *certiorari* was filed June 14, 1904, and as no legal excuse for the delay in filing said petition is shown in the petition, it is insisted that the superior court properly quashed the writ and dismissed the petition.

It has often been held by this court that the common law writ of *certiorari* is not a writ of right, and issues only upon application to the court and for special cause. (*Trustees of Schools* v. *School Directors,* 88 Ill. 100.) The reason of this rule is said to be that the inferior tribunals to which said writ issues exercise powers in which the people at large are interested, and that great detriment or inconvenience might result if the writ were inadvertently issued and the powers exercised by said tribunals improperly interfered with; (*People* v. *Supervisors,* 15 Wend. 198;) and when a great public detriment or inconvenience is likely to result from interfering with the proceedings of an inferior tribunal the common law writ of *certiorari* should not issue, and if the writ is issued improvidently, upon the facts being presented to the court the writ will be quashed. *Board of Supervisors* v. *Magoon,* 109 Ill. 142; *Commissioners of Drainage District* v. *Griffin,* 134 id. 330.

There is no statute limiting the time within which a common law writ of *certiorari* may issue, but the courts, by analogy, have established a limitation in regard to the issuing of such writs, the same as the limitation which governs the prosecution of a writ of error. Yet it is held a party seeking to review the action of an inferior tribunal by the common law writ of *certiorari* must act promptly, and in case of delay must show, by his petition for the writ, some legal excuse why he has not moved more promptly. In *City of Chicago* v. *Condell,* 224 Ill. 595, it was held that where

the petition was not filed and the common law writ of *certiorari* did not issue to review the action of the civil service commission of the city of Chicago until eighteen months after the officer had been removed from office and said delay was not satisfactorily explained, the petitioner was not entitled to the writ and that it should have been quashed by reason of the delay in suing it out.

One method provided for by statute (Hurd's Stat. 1905, chap. 79, par. 185, p. 1295,) to review the judgments of justices of the peace in this State is by writ of *certiorari*, which writ the statute provides shall not issue after the expiration of six months from the time of the rendition of judgment. In the sale of real estate to pay the debts of decedents by administrators there is no statute of limitations, but this court has, by analogy to the statute of limitations relating to the lien of judgments upon real estate, adopted the period of seven years as a proper time within which a petition should be filed for an order to sell such real estate, unless a further delay is satisfactorily explained. (*Judd* v. *Ross,* 146 Ill. 40.) We see no reason why a petitioner desiring to review the action of an inferior tribunal by the common law writ of *certiorari,* in analogy to the statute relating to the review, by *certiorari,* of judgments of justices of the peace, should not be required to present his petition to the court for such writ within six months from the date of the entry of the order which he desires to have reviewed, and in case of a further delay that the delay be satisfactorily explained in the petition for the writ.

The remedy by the common law writ of *certiorari* is in the nature of that afforded by appeal or writ of error. (4 Ency. of Pl. & Pr. p. 9.) An ordinary appeal from a judgment of a justice of the peace must be perfected within twenty days from the date of its rendition, and there is nothing harsh in holding that a petitioner for the common law writ of *certiorari* must file his petition within the same time that the petition for a statutory writ of *certiorari* must

be filed to review a judgment of a justice of the peace, unless there are legal reasons for a further delay in filing the petition, which reasons should be stated in the petition. The petition for the writ in this case was filed ten months after the petitioner had been removed from office, and as the petitioner makes no showing why said petition was not filed at an earlier date and within six months of the date of the entry of the order of removal by the civil service commission, we think the appellee should be held to be barred, by reason of his *laches,* of his right to have said order reviewed by the common law writ of *certiorari,* and that the superior court did not err in quashing the writ and dismissing the petition.

The judgment of the Appellate Court will be reversed and the judgment of the superior court will be affirmed.

*Judgment reversed.*