## NICHOLAS *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 10.   Argued October 5, 1921.—Decided November 7, 1921.

1. A person who has been removed from a place in the classified civil service, by the proper authority, but without charges or opportunity to answer, in violation of § 6 of the Act of August 24, 1912, c. 389, 37 Stat. 555, can not recover subsequent salary attached to the position if he has not been diligent in asserting his rights. P. 75. *United States* v. *Wickersham*, 201 U. S. 390, distinguished.
2. After summary removal, without charges, from the office of Inspector of Customs, claimant did nothing for his vindication for three years, when he sued for the salary since accrued. *Held,* that he had abandoned his title and could not recover. P. 76.

53 Ct. Clms. 463; 55 *id.* 188, affirmed.

APPEAL from a judgment of the Court of Claims in a suit to recover the emoluments of an office accruing after appellant's unlawful removal from it. See also *post,* 77, 82.

*Mr. William E. Russell,* with whom *Mr. L. T. Michener* and *Mr. P. G. Michener* were on the brief, for appellant.

*Mr. Assistant Attorney General Riter,* with whom *Mr. Assistant Attorney General Davis* and *Mr. William D. Harris* were on the brief, for the United States.

MR. JUSTICE DAY delivered the opinion of the court.

Claimant brought suit in the Court of Claims to recover compensation as inspector of customs at the port of Baltimore from February 20, 1913, to May 20, 1916, in the sum of $4,740.00, being at the rate of $4.00 per day for the period covered. He alleged that he was summarily removed from the service of the United States without charges of any kind being preferred against him, and without an opportunity to be heard, in violation of § 6 of an Act of Congress approved August 24, 1912, c. 389, 37 Stat. 555. He afterwards amended his petition so as to claim $4.00 per day to the day of rendering judgment, September 30, 1917, being the sum of $6,732.00. The Court of Claims rendered judgment for the United States. 53 Ct. Clms. 463.

The Court of Claims made a finding of fact from which it appears that Nicholas was appointed an inspector of customs at the port of Baltimore on January 28, 1902, at a compensation of $4.00 per day; that he continued to discharge the duties of such inspectorship until February 20, 1913, when he was summarily discharged by the Collector of Customs at the port of Baltimore pursuant to instructions issued by the Secretary of the Treasury; that he was in the classified civil service of the United States; that charges had been preferred against him by a committee appointed by the Secretary of the Treasury to examine into and report the conduct of the customs business at Baltimore; that Nicholas had no notice of the charges, was not furnished with a copy thereof, nor was he allowed

a reasonable time to personally answer the same in writing. The court further found that there was no evidence of the willingness and ability of the claimant to perform the duties of the office of inspector of customs from the date of his removal on February 20, 1913; that it did not appear that he made any report in person, or writing, to the office of the Collector at Baltimore. As a conclusion of law the court found the claimant not entitled to recover.

An appeal was taken to this court from the judgment of the Court of Claims. Upon motion the Court of Claims was directed to set aside its judgment, reopen the case, and make additional findings of fact. In obedience to a mandate of this court the Court of Claims set aside its judgment, took additional proof, made new findings, and again concluded that the claimant was not entitled to a recovery. 55 Ct. Clms. 188. That judgment is here for review.

From the amended findings of fact it appears that Nicholas entered the customs service in 1899 as an inspector; that the committee, appointed by the Secretary of the Treasury to examine into and report the conduct of the customs service at Baltimore, made a report from which they concluded that owing to the conduct of Nicholas, and from personal observation, they were of the opinion that the service would be benefited by his removal therefrom. On February 5, 1913, the Secretary of the Treasury approved this recommendation, and instructed the Collector of Customs at Baltimore to remove the claimant on account of his use of intoxicating liquors, and the unsatisfactory and perfunctory manner in which he performed his work. On February 20, 1913, he was removed from the service. At the time of his dismissal he was in the classified civil service, and had no notice of any charges against him. On August 24, 1912, Congress passed an act authorizing the President to reorganize the

customs service (c. 355, 37 Stat. 434). This reorganiza-
tion was reported to Congress March 3, 1913. Thirty-
three inspectors of customs were provided for the District
of Maryland, including the State of Maryland, the Dis-
trict of Columbia, and the City of Alexandria, Virginia,
which offices were filled since March 3, 1913, by persons
appointed by the Secretary of the Treasury; claimant
made no appeal to the Secretary of the Treasury at the
time of his removal from office; he was willing and
physically able to resume the duties of the office, and
capable of discharging the same, but did not apply for
reinstatement at any time, nor notify the Secretary of the
Treasury of his desire therefor, or for a revocation of the
order for his dismissal.

It appears that the petition was filed in the Court of
Claims more than three years after claimant had been re-
moved from office. It alleged that, being able and willing
to discharge the duties of the office, plaintiff was entitled
to compensation because of his illegal removal by failure
to comply with the provisions of the Act of August 24,
1912, 37 Stat. 555:

"Sec. 6. That no person in the classified civil service
of the United States shall be removed therefrom except
for such cause as will promote the efficiency of said service
and for reasons given in writing, and the person whose
removal is sought shall have notice of the same and of
any charges preferred against him, and be furnished with
a copy thereof, and also be allowed a reasonable time for
personally answering the same in writing; and affidavits
in support thereof; but no examination of witnesses nor
any trial or hearing shall be required except in the dis-
cretion of the officer making the removal; and copies of
charges, notice of hearing, answer, reasons for removal,
and of the order of removal shall be made a part of the
records of the proper department or office, as shall also
the reasons for reduction in rank or compensation; and

copies of the same shall be furnished to the person affected upon request, and the Civil Service Commission also shall, upon request, be furnished copies of the same."

The purpose of this statute, as its terms plainly show, is to require that one in the classified civil service of the United States have an opportunity to know of the charges against him before removal with an opportunity to answer them and, if awarded a trial, to have one before the officer empowered to act in the matter. The question presented is whether the plaintiff may recover his salary when removed without compliance with the statute, where he delays taking any steps to test the legality of his removal, or asking for an opportunity to be heard, for the length of time herein shown.

We agree with the Court of Claims that a person illegally dismissed from office is not thereby exonerated from obligation to take steps for his own protection and may not for an unreasonable length of time acquiesce in the order of removal, which it was within the power of the Secretary to make, and then recover for the salary attached to the position. In cases of unreasonable delay he may be held to have abandoned title to the office and any right to recover its emoluments. The claimant relies upon the *Wickersham Case,* 201 U. S. 390. In that case this court held that one entitled to the protection of a rule, or statute, requiring notice to be given him could not legally be separated from the service by suspension without compliance with the rule or statute, and was entitled to compensation during the period of his wrongful suspension. In that case the record disclosed that Wickersham was suspended on November 1, 1897, and that on November 5, 1897, he protested against his suspension and on December 28, 1897, demanded his salary. The case did not present and there was no occasion to decide the question of the effect of delay and acquiescence upon the right to recover compensation. It appeared that Wickersham

was diligent in asserting his rights as well as ready and willing to discharge the duties of the Government employment in which he was engaged.

It must be remembered that we are dealing with the discharge of public duties which it is important shall be carried on regardless of the personnel of those who discharge them. While one inducted into office or public employment is entitled to the privileges or emoluments thereof, until legally separated therefrom, he is not absolved from the duty of diligence upon his part in the assertion of his right to the office, or to the compensation attached thereto. Public policy requires that the Government shall be seasonably advised of the attitude of its officers and employees attempted to be displaced when they assert illegal removal or suspension as a basis for the recovery of the office or its emoluments. This is necessary in order that proper action may be taken in the public interest, as well as that which is required to vindicate the rights of one wrongfully removed from the public service. This principle was recognized in *United States ex rel. Arant v. Lane,* 249 U. S. 367. That case was one in mandamus to compel the restoration of an officer, who alleged that he was wrongfully removed without notice or an opportunity to be heard, and it was held that a delay of twenty months barred by laches his right to the writ. The reasoning of the opinion, and the comments as to the character of public employment and the conduct required of one who would assert his rights when wrongfully deprived of them, are apposite here. The findings in this case disclose that plaintiff took no steps to question the order dismissing him from the service, nor to ask for a copy of the charges upon which he was removed. He did nothing for his vindication until he brought this suit three years after his removal from the office, to recover compensation. We hold, therefore, as did the Court of Claims, that such a lack of diligence evidenced an

abandonment of his title to the office, and of his right to recover the emoluments thereof.

*Affirmed.*