In the Matter of the Application of RICHARD F. ROCHE, Petitioner, for a Mandamus Order against GEORGE F. FISK, Commissioner of Public Works of the City of Buffalo, Respondent.

Supreme Court, Erie County, April 14, 1928.

**Municipal corporations — mandamus — peremptory order to compel petitioner's reinstatement to position of janitor-watchman — laches — application denied where petitioner delayed six months and twenty days after discharge.**

Petitioner, who was removed from the position of janitor-watchman, is not entitled to a peremptory order of mandamus compelling his reinstatement,

where, without any explanation, it appears that he delayed the application for the order six months and twenty days after his discharge. The petitioner is guilty of laches.

APPLICATION for a peremptory order of mandamus.

*Wellington J. Wetherbee,* for the petitioner,

*Fred C. Maloney,* for the respondent.

BROWN, J. It appears upon the face of the petition that petitioner was removed from the position of janitor-watchman August 31, 1927; that notice of this motion for the mandate of the court compelling the reinstatement of the petitioner was served March 30, 1928. This being an application for an order, the burden is upon the petitioner to show upon all the proofs before the court that he is entitled to the same. While it is true that upon issues presented by a pleading and answer, the defense of laches could only be presented by answer, if a peremptory mandamus be issued, the return thereto would present any question of law deemed applicable. If an alternative mandamus be issued, the answer of the respondent would necessarily allege such facts as the respondent deemed sufficient to constitute a defense; if it were desired to interpose the defense of laches, such defense would necessarily be alleged in its answer. Upon this motion, however, a far different question is presented. This is a motion for the process of the court to be issued to institute and initiate a special proceeding. Upon this motion there is no provision for an answer; an answer is only required where issues are to be tried; here there are no issues to be tried; the only question here is: has the petitioner proved by his petition and the affidavits presented, petitioner's and respondent's, that he is entitled to the order. The answer that was served by the respondent must for the purpose of this motion be treated as an affidavit. It appearing without any explanation that petitioner delayed this application six months and twenty days after his discharge, his laches must be held to entitle the respondent to an order denying the motion. (*People ex rel. Young* v. *Collis,* 6 App. Div. 467; *People ex rel. Miller* v. *Justices, etc.,* 78 Hun, 334; *Matter of McDonald,* 34 App. Div. 512; *People ex rel. McDonald* v. *Lantry,* 48 id. 131; *Matter of Knapp* v. *Duffey,* 169 id. 794.)

Motion denied.