## STATE ex SWARTLEY v KALINA, Treas, et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13068.  Decided July 10, 1933

Cline & Patterson, Cleveland, for relator.
W. Geo. Kerr, Cleveland, and Wm. C. Dixon, Cleveland, for respondents.

LIEGHLEY, PJ.

November 1, 1932 relator filed his petition in this court praying that a writ of mandamus issue to the Commissioner of Accounts of the City of Cleveland to place his name upon the payroll for the period extending from August 5, 1929, to August 16, 1930, and that a writ issue to the Treasurer of the City of Cleveland requiring him to issue his voucher for the salary for said period less the amount if any that relator may have earned during that time. To this petition the defendants interposed a de-

murrer on the ground that it appears on the face of the petition that it does not state facts which show a cause of action.

From the allegations of the petition it is to be observed that a group of electrical inspectors were laid off on April 1, 1929 and that none of these performed services from that date until August 5, 1929. No claim or complaint is made about this period. However, then a vacancy occurred and another served by appointment during the period from August 5, 1929 to August 16, 1930, and relator complains that this man was wrongfully appointed and that relator was wrongfully deprived of the emoluments thereof.

It should be noted that during this period of over a year, the relator did nothing more than orally protest and offer his services and demand his appointment in place of the one who received the appointment. He did not take any effective action in manner and form as he now takes. He stood by content to limit his protest to oral assertion and demand and permitted another to occupy the position and receive the compensation for a job which he claimed to be his for over a year. Normally it would be expected that one who asserted that a position rightfully his had been filled wrongfully by the appointment of another, would promptly take effective action in the form of mandamus at or about the time the alleged wrongful deprivation was committed. On the contrary he passively permitted the City to pay out and another to receive money he claims belonged to him for over a year. And not only that, he waits more than two years longer before instituting this action. In the meantime he accepted an appointment in August, 1930, in the same classification as an electrical inspector and thereafter held that position for months.

The conclusion is inevitable that if relator really considered in August, 1929, that he had been wronged in the manner now complained of, he has stood idly by from that date until November, 1932, during all of which time an effective remedy was available to him if he had any rights in the premises, and permitted another to occupy a position that he now claims he was entitled to and draw the compensation which he now says belongs to him from the City of Cleveland.

Under these circumstances we do not feel that the relator has established a clear right to a writ of mandamus. Under the law of Ohio as stated by the Supreme Court in the case of State v Swisher, 112 Oh St 707, page 715:

"The burden is upon the relator to show a clear right to the extraordinary remedy of mandamus which he seeks. It is not sufficient for him to show a flaw in the title of others to official position under Civil Service regime."

As stated, the relator brought no effective action in mandamus until November, 1932, for a position beginning August 5, 1929, and extending to August 16, 1930, to which he claims he had the legal right. As stated, for a period of over a year he stood idly by and permitted another to hold the job and collect the compensation without doing anything other than oral protest and demand. This other appointee, it is claimed, was appointed to his position and continued in this same employment. It is alleged that on August 16, 1930, the relator was appointed to his old position and salary. The fate of the other employee on August 16, 1930, is not disclosed.

It seems to us that the principle announced by McQuillin is applicable to the present situation. The failure of relator to assert his rights and the failure to take steps to obtain a judgment that he was legally entitled to this appointment and position for the length of time the petition discloses, amounts to an acquiescence in the appointment and service of the other and thereby deprived himself of the right at this time to recover the salary for said period of time. The conduct of relator and his failure to contest his right to the office denotes a passive acquiescence in what occurred.

"The officer wrongfully suspended or discharged may by course of conduct acquiesce in such action and thus deprive himself of the right to recover the salary or compensation of the office; this on the ground of the doctrine of waiver and estoppel which is applicable in cases of this character when warranted by the surrounding circumstances."

McQuillin, Volume 2, page 241.

For the foregoing reasons, the demurrer is sustained and the writ is refused.

McGILL, J, concurs in judgment.
LEVINE, J, not participating.