**CASWELL v. MORGENTHAU, Secretary of the Treasury, et al.** *

**No. 7022.**

United States Court of Appeals for the District of Columbia.
Argued March 7, 8, 1938.
Decided May 9, 1938.

James A. Cresswell, of Boston, Mass., and Joseph A. Ashi, of Washington, D. C., for appellant.

David A. Pine, U. S. Atty., Howard Boyd, Asst. U. S. Atty., and James Carey O'Brien, all of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

PER CURIAM.

Appellant, a former employee of the Treasury Department, on March 19, 1937, filed his petition in the court below for a writ of mandamus to command the Secretary of Treasury and the Commissioner of Internal Revenue to reinstate him and to pay his salary from the time he had been discharged; and also to command the members of the Civil Service Commission to certify his name to the Secretary and the Commissioner as a veteran entitled to military preference who should not have been discharged.

Appellant was appointed in December 1934 to the position of storekeeper-gauger, a classified civil service position, in the Alcohol Tax Unit of the Treasury Department. At the time of receiving the appointment he was accorded military preference by virtue of his honorable discharge from the army.[1] On account of a required reduction of personnel, he was dismissed September 15, 1935. On the strength of an indorsement by his District Supervisor made on September 9, several days after notice of dismissal was received, to the effect that his services had been satisfactory, appellant applied to the Civil Service Commission to have his name placed on the reemployment register, but in November 1935 the Deputy Commissioner in charge of the Alcohol Tax Unit advised the Commission that appellant's work had been unsatisfactory and that he would not be recommended for further employment; and in March 1936 the Administrative Assistant to the Secretary of the Treasury, acting for the Secretary, advised the Commission that the result of a further investigation disclosed that the appellant's services should be rated as "fair" but not as "equal" to that of any non-veteran retained in the service.[2]

Appellant claims that his dismissal violated the provisions of the Act of August 23, 1912, 37 Stat. 413, 5 U.S.C.A. § 648, the applicable part of which is copied in the margin.[3]

The case was heard on the appellees' demurrer to appellant's replication, and the petition, as we think, correctly dismissed.

Since we may assume that the present employees in the department in question are all who are necessary to do the work, it follows that if mandamus issues some present employee must be dismissed to make room for appellant, and this we recently held in U. S. ex rel. Crow v. Mitchell, 67 App.D.C. 61, 89 F.2d 805, was not the function of mandamus. It is just as true that mandamus cannot be stretched to the point of requiring an executive officer of the government to reinstate a discharged employee and pay him his salary

---

[1] 5 U.S.C.A. § 35, 41 Stat. 37:
"In making appointments to clerical and other positions in the executive branch of the Government in the District of Columbia or elsewhere preference shall be given to honorably discharged soldiers, sailors, and marines * * *."

[2] 5 U.S.C.A. 37, 19 Stat. 169:
"In making any reduction of force in any of the executive departments, the head of such department shall retain those persons who may be equally qualified who have been honorably discharged from the military or naval service * * *."

[3] "* * * In the event of reductions being made in the force in any of the executive departments no honorably discharged soldier or sailor whose record in said department is rated good shall be discharged or dropped or reduced in rank or salary." (Whether this section is applicable to the field service is questionable. See Longfellow v. Gudger, 57 App. D.C. 50, 16 F.2d 653.)

from the day of his discharge. Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774. And it is also true that the writ cannot be used to control the supervisory powers of executive officers in the administration of their departments. Field v. Giegengack, 64 App.D.C. 40, 73 F.2d 945.

We prefer, however, to place our affirmance on the ground of laches. Appellant was discharged September 15, 1935. He brought his petition March 19, 1937, a little more than eighteen months after his cause of action,—if he had one,—arose. In like circumstances we declined to consider the merits of the controversy and held that an unreasonable delay in bringing the action was of itself sufficient to justify refusing the writ,—U. S. ex rel. Arant v. Lane, 47 App.D.C. 336. In that case Judge Van Orsdel, speaking for this Court, said:

"The administration of the affairs of the government are of too vital importance to the public to be interrupted by the application of extraordinary remedies to assuage the protracted grievances of an official who may have been discharged without a technical compliance with the rules of procedure authorizing his dismissal from office."

And on appeal (249 U.S. 367, 372, 39 S.Ct. 293, 294, 63 L.Ed. 650) the Supreme Court said:

"We agree with the Court of Appeals that it is entirely unnecessary to consider whether the removal of the relator from office was technically justified or not, since by his own conduct he has forfeited the right to have the action of the Secretary of the Interior reviewed * * *."

The difference in the period of delay in the Arant Case and this case is that one was twenty months and the other eighteen, and where the same question has arisen under more or less similar statutes in New York and other states the answer has been the same where as little as four months' delay ensued. See: People ex rel. Young v. Collis, 6 App.Div. 467, 39 N.Y.S. 698; People ex rel. Croft v. Keating, 49 App.Div. 123, 63 N.Y.S. 71; People ex rel. Connolly v. Board of Education, 114 App.Div. 1, 99 N.Y.S. 737; Roche v. Fisk, 131 Misc. 852, 228 N.Y.S. 411; Clark v. City of Chicago, 233 Ill. 113, 84 N.E. 170; State ex rel. McCabe v. Police Board, 107 La. 162, 31 So. 662; State ex rel. Swartley v. Kalina, 46 Ohio App. 19, 187 N.E. 645.

The same result is reached in actions brought in the Court of Claims to recover compensation. Cf. Nicholas v. United States, 257 U.S. 71, 76, 42 S.Ct. 7, 9, 66 L. Ed. 133; Norris v. United States, 257 U.S. 77, 80, 42 S.Ct. 9, 10, 66 L.Ed. 136. Appellant having failed to take prompt action to assert his rights, sound public policy requires a denial of the writ.

Judgment affirmed.