### KOHLMAN v. SMITH.
Civ. No. 4586.

District Court, W. D. Pennsylvania.
March 18, 1947.

Samuel Avins, of Pittsburgh, Pa., for plaintiff.

Irwin A. Swiss, Asst. U. S. Atty., of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action, which was brought by Plaintiff against S. A. Bodkin, Postmaster of the City of Pittsburgh. By amendment, agreed to by the parties March 3, 1947, James C. Smith, Postmaster of the City of Pittsburgh, is now substituted as the party defendant.

Plaintiff in his amended complaint avers that at all times material, he was a permanent employee of the Post Office Department of the United States as guard or watchman; that this position is in the classified Civil Service; that he was appointed July 28, 1937 by Ralph Smith, then Postmaster of the City of Pittsburgh; that on July 15, 1943 he was removed from said office or employment by S. A. Bodkin, then Postmaster of the City of Pittsburgh. He also avers that although he had been charged with repeated failures to pay his debts, that he had been acquitted of said charges. Plaintiff made four prayers for specific relief and one prayer for general relief. Prayers for general relief are paragraphs (a), (b), (c), and (d). In these prayers, plaintiff prays that this Court enter a declaratory judgment that he has title to the office or position of guard or watchman in the Post Office Department to which he was appointed; that he was illegally removed from said office and that an order

be made reinstating plaintiff to said position or office with full seniority and perquisites.

Defendant moved for judgment in his favor, that the action be dismissed. The motion was made under Rules 12(b) (6) and 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Defendant assigned a number of reasons in support of his motion, numbers 1 and 5 thereof being that the amended complaint fails to state a claim against defendant upon which relief can be granted and that plaintiff is barred from relief by his laches.

Plaintiff was removed from his position July 15, 1943. He brought this action July 16, 1945. Defendant filed a motion to dismiss the original complaint in this case September 13, 1945. This Court made an order which was filed November 7, 1945 granting leave to plaintiff to amend his complaint within two (2) weeks from said date. Plaintiff filed his amended complaint May 6, 1946.

In U. S. ex rel. Arant v. Lane, Secretary of the Interior, 249 U.S. 367, 39 S.Ct. 293, 294, 63 L.Ed. 650, the relator filed his application for a mandamus under the Code of the District of Columbia to compel the Secretary of the Interior to reinstate him in the office which he had held. This application was made 20 months after his removal. The pleadings consisted of petition, answer and demurrer. The relator's demurrer was overruled, on the ground of laches. The Supreme Court in an opinion by Justice Clarke stated:

"His only explanation for this delay is the allegation, which was denied, that he had made every reasonable effort to have his rights in the premises accorded him and to be restored to office, but without avail.

\* \* \* \* \* \*

"When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his case, obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively assert his rights, to the end that if his contention be justified the government service may be disturbed as little as possible and that two

salaries shall not be paid for a single service.

"Under circumstances which rendered his return to the service impossible, except under the order of a court, the relator did nothing to effectively assert his claim for reinstatement to office for almost two years. Such a long delay must necessarily result in changes in the branch of the service to which he was attached and in such an accumulation of unearned salary that, when unexplained, the manifest inequity which would result from reinstating him, renders the application of the doctrine of laches to his case peculiarly appropriate in the interests of justice and sound public policy.

"In this conclusion we are in full agreement with many state courts in dealing with similar problems. [State ex rel.] McCabe v. Police Board, [of City of New Orleans,] 107 La. 162, 31 So. 662; Stone v. Board of [Prison] Com'rs, 164 Ky. 640, 176 S.W. 39; [People ex rel.] Connolly v. Board of Education of City of New York, 114 App.Div. 1, 99 N.Y.S. 737, and cases cited; Clark v. City of Chicago, 233 Ill. 113, 84 N.E. 170.

"We agree with the Court of Appeals that it is entirely unnecessary to consider whether the removal of the relator from office was technically justified or not, since by his own conduct he has forfeited the right to have the action of the Secretary of the Interior reviewed, and the judgment of that court is therefore

"Affirmed."

In Caswell v. Morgenthau, Secretary of the Treasury, et al., 98 F.2d 296, 297, 69 App.D.C. 15, which was a petition to compel the relator's reinstatement as an employee of the Treasury Department and to pay his salary from the time of his discharge, etc., the United States Court of Appeals for the D. C., in a Per Curiam opinion stated:

"Since we may assume that the present employees in the department in question are all who are necessary to do the work, it follows that if mandamus issues some present employee must be dismissed to make room for appellant, and this we recently held in U. S. ex rel. Crow v. Mitchell, 89 F.2d 805, 67 App.D.C. 61, was not the function of mandamus. It is just as true that mandamus cannot be stretched to the point of requiring an executive officer of the government to reinstate a discharged employee and pay him his salary from the day of his discharge. Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774. And it is also true that the writ cannot be used to control the supervisory powers of executive officers in the administration of their departments. Field v. Giegengack, 73 F.2d 945, 64 App.D.C. 40.

"We prefer, however, to place our affirmance on the ground of laches. Appellant was discharged September 15, 1935. He brought his petition March 19, 1937, a little more than eighteen months after his cause of action,—if he had one—arose. * * *

"The difference in the period of delay in the Arant case and this case is that one was twenty months and the other eighteen, and where the same question has arisen under more or less similar statutes in New York and other states the answer has been the same where as little as four months' delay ensued. See People ex rel. Young v. Collis, 6 App.Div. 467, 39 N.Y.S. 698; People ex rel. Croft v. Keating, 49 App. Div. 123, 63 N.Y.S. 71; People ex rel. Connolly v. Board of Education [of City of New York,] 114 App.Div. 1, 99 N.Y.S. 737; Roche v. Fisk, 131 Misc. 852, 228 N.Y.S. 411; Clark v. City of Chicago, 233 Ill. 113, 84 N.E. 170; State ex rel. McCabe v. Police Board [of City of New Orleans,] 107 La. 162, 31 So. 662; State ex rel. Swartley v. Kalina, 46 Ohio App. 19, 187 N.E. 645. The same result is reached in actions brought in the Court of Claims to recover compensation. Cf. Nicholas v. United States, 257 U.S. 71, 76, 42 S.Ct. 7, 9, 66 L.Ed. 133; Norris v. United States, 257 U.S. 77, 80, 42 S.Ct. 9, 10, 66 L.Ed. 136. Appellant having failed to take prompt action to assert his rights, sound public policy requires a denial of the writ."

In Farley v. Abbetmeier et al., 114 F.2d 569, 577, 72 App.D.C. 260, which was an action for a declaratory judgment for reinstatement by 249 employees of the Post Office Department, in which the District

Court denied a motion for summary judgment by defendants. The Court in an opinion by Rutledge, A. J., reversed the decision of the lower Court for reasons stated in the opinion. On the question of laches the Court stated: "In these circumstances, laches becomes a strong reason against allowing plaintiffs to prosecute their action." and by note quoted from the decision in United States ex rel. Arant v. Lane, supra.

Under the facts alleged by Plaintiff in his amended complaint, he, by laches, lost his right to the office or position of guard or watchman in the Post Office in the City of Pittsburgh, to be reinstated in said office or position, and to the remedies which he seeks in this case.

Plaintiff in his prayer (d) for relief asked the Court to "Adjudge and decree that plaintiff is entitled to hold the said position or office and to be reinstated in his said position or office with full seniority and the perquisites of his said position or office, enter an order or orders directing defendant so to reinstate plaintiff." The prayer is essentially a prayer for a writ of mandamus. The prayers set forth in paragraphs (a), (b) and (c) would be essential findings by this Court before it could issue a writ of mandamus, if this Court had such power. District Courts of the United States have no original jurisdiction to issue writs of mandamus. Ballf v. Kranz, 9 Cir., 82 F.2d 315; Truth Seeker Co., Inc., v. Durning, 2 Cir., 147 F.2d 54; Dick v. Tevlin, D. C., 37 F.Supp. 836.

Defendant contends that the proper party defendant in this case, if any, is the Fourth Assistant Postmaster General. Section 13 of the Postal Laws and Regulations of the United States, 1940 edition, describes the duties and functions of the Fourth Assistant Postmaster General. Among those duties, this section provides that he "is charged with the administration and operation of Government owned post office building; appointment and discipline of personnel engaged in the operation and maintenance; * * *". This Court takes judicial notice of the Postal Laws and Regulations. Foshay v. United States, D. C., 54 F.2d 668.

Exhibit "C" to plaintiff's complaint, which is the notice of removal to plaintiff, states that the authority to remove the plaintiff was authorized by the Fourth Assistant Postmaster General. The power of appointment in the Classified Civil Service carries with it the power to remove. U. S. ex rel. Taylor v. Taft, 24 App.D.C. 95. It would thus appear that if plaintiff has any right of action by reason of removal, that the right of action is against the Fourth Assistant Postmaster General.

It is not necessary to discuss the other reasons offered by defendant in support of the motion before the Court for the reason that the reasons assigned in the motion, which are discussed above, are sufficient to entitle defendant to a judgment in his favor on his motion.