**McGRIMLEY et al. v. FOLEY, Regional Director of United States Civil Service Commission et al.**

Civ. A. No. 50–134.

United States District Court
D. Massachusetts.

March 10, 1950.

Edward M. McMahon, Boston, Mass., for plaintiff.

George F. Garrity, United States Attorney, Edward O. Gourdin, Asst. United States Atty., both of Boston, Mass., for defendants.

SWEENEY, Chief Judge.

This is a class action in which the plaintiffs seek to acquire the status of permanent employees of the Post Office Department in Boston and to restrain the Department from discharging them. It appears from the pleadings and argument of counsel that during the war these plaintiffs all acquired a position of priority on a list of those eligible for permanent employment by passing competitive examinations, and because of their status as veterans. They were not, however, at the top of the list. They were offered and accepted temporary employment with the Post Office, which employment was terminable at the will of the employing authorities. Love v. United States, 8 Cir., 1939, 108 F. 2d 43.

In addition to such rights as they acquired as temporary employees, plaintiffs allege that the defendants promised them a permanent status at a later date. Plaintiffs allege that the defendants are in the process of selecting permanent employees from the above-mentioned eligibility list, and that those from the top of the

list will be appointed, replacing plaintiffs in disregard of plaintiffs' past service as temporary employees. Plaintiffs do not contend that they are not being accorded the priority warranted by their original position on the eligibility list for permanent employment. These defendants as individuals of course had no authority to bind the Civil Service Commission, the Postal Department, or their agents, by any promise of permanent employment, nor is there any allegation in the bill that they had such authority. Counsel for plaintiffs contends that when that promise was made, and the plaintiffs accepted their jobs under such assurances, a binding contract was made between the United States and plaintiffs, and they now seek to enforce that contract. Counsel also contends that plaintiffs are asking for rights accruing to them under the Veterans' Preference Act of 1944, 5 U.S.C.A. § 851 et seq., and the Civil Service Regulations.

The defendants have moved to dismiss this action for lack of jurisdiction and the motion must be granted. If the action is on a contract or in tort against Foley and Crowley as individuals, it must fail because there is no diversity of citizenship between them and the plaintiffs. If it is against them in their official capacities, and it is sought to raise a federal question, then I would rule that the Postmaster General and the Civil Service Commission are necessary and indispensable parties because their concurrence is necessary to make lawful the relief sought by the plaintiffs, and because granting such relief involves a risk that the judgment awarded will "'expend itself on the public treasury or domain, or interfere with the public administration.' Land v. Dollar, 330 U.S. 731, 738, 67 S.Ct. 1009, 91 L.Ed. 1209." Williams v. Fanning, 1947, 332 U.S. 490, 493, 68 S.Ct. 188, 189, 92 L.Ed. 95.

Furthermore, insofar as a federal question is alleged to be involved, plaintiffs point to no authority in either the Veterans' Preference Act or the Civil Service statutes and regulations by which this Court can either find that their rights have been abridged or grant a remedy for such abridgment. The prayers of the bill indicate the desire of plaintiffs to have removed from the Post Office Department and the Civil Service Commission all discretion as to whom it shall include in a future choice of permanent employees, and substitute therefor the judgment of this Court. Because this is the basic relief sought, to which all other remedies requested are collateral, this is a request for a remedy in the nature of mandamus, no authority for granting which has been pointed out to this Court. See Caswell v. Morgenthau, 1938, 69 App.D.C. 15, 98 F.2d 296. The remedy asked would also be an unwarranted interference by the judiciary with discretionary executive action. Keim v. United States, 1900, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774. There is no authority for the judicial branch of the government to override the executive branch unless it is specifically granted either in the Constitution or by statute. No such grant has been shown. It is a well recognized principle of law that jurisdiction of this Court must be affirmatively alleged and shown in the bill of complaint. This has not been done and probably cannot.

From all of the foregoing it is apparent that the Court cannot entertain this action. The motion to dismiss the complaint is therefore allowed and the complaint is dismissed.