AURELIO RAMÍREZ RAMÍREZ, Plaintiff and Appellant *v.* MUNICIPALITY OF LAJAS, ETC., Defendant and Appellee.

No. 10091.    Argued April 3, 1950.—Decided March 30, 1951.

---

*Enrique Báez García* for appellant. *José Rafael Gelpí* for appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

Aurelio Ramírez Ramírez was elected Mayor of Lajas at the general election held on November 1940, and assumed the duties of his office on January 13, 1941. On October 16, 1942 the then Governor of Puerto Rico, Rexford G. Tugwell, preferred eight administrative charges against him and allowed him ten days for filing his answer. On January 25, 1943 the Municipal Assembly of Lajas, by virtue of said charges commenced an impeachment proceeding against the Mayor. *Municipal Assembly* v. *District Court*, 62, P.R.R. 743.

On November 10, 1943 the Municipal Assembly suspended Mayor Ramírez from office and pay, and designated José Miguel Toro,[1] President of the Municipal Assembly, as Acting Mayor.

On February 2, 1944 the Municipal Assembly adopted a resolution whereby it preferred a new charge against Mayor Ramírez, and after a hearing and finding the charge proved, removed him from office on the 10th instant. On April 26 next, this Court reversed the resolution of the Municipal Assembly decreeing the removal of the Mayor, because it lacked jurisdiction to hear and decide the said charge, as the assembly had been illegally called and constituted. *Municipal Assembly* v. *Ramírez*, 63 P.R.R. 451.

On May 3, 1944 the Municipal Assembly after having received the order from this Court, approved a resolution

---

[1] We shall not refer to subsequent resolutions and proceedings of this case insofar as they are not necessary for the decision of the instant case.

appointing an attorney-at-law to give legal advice to and represent the assembly in all future proceedings related with the preferment of charges, suspension, and removal of Mayor Ramírez from office, because the attorney in charge was absent from the Island. From that date until the expiration of the term for which the Mayor had been elected, no action was taken by the Municipal Assembly or by plaintiff herein regarding the charges preferred by the Governor on October 16, 1942—which caused plaintiff's suspension from office and pay on November 10, 1943—nor regarding the charge preferred by the same Municipal Assembly on February 2, 1944—which caused the removal of the Mayor on the 10th of February, which removal as we have already pointed out, was set aside by this Court in *Municipal Assembly* v. *Ramírez, supra.*

On January 30, 1945 Ramírez sued the Municipality of Lajas to recover unpaid salaries from the time he was suspended from office and pay on November 10, 1943 until January 7, 1945, on which date the Mayor elected in the general election of 1944, took office.[2] The district court rendered judgment dismissing the complaint as to the claim for salaries from November 10, 1943 to January 7, 1945. However, since it appeared from the evidence that plaintiff did not receive the salary due him as Mayor for the first ten days of November 1943, the court ordered the municipality defendant to pay him the sum of $36.67 plus the costs.

From this judgment plaintiff appealed. Although he assigns three errors in his brief, the questions to be considered in the present appeal are the following: (1) Since there never was a legal removal of plaintiff from his office as Mayor of Lajas, would he be entitled to recover unpaid salaries from the time he was suspended from office and pay

---

[2] In *Ramírez* v. *Municipality*, 67 P.R.R. 693 we reversed a judgment by default entered against the municipality for the amount of $1,565.62 for its failure to comply with Rule 55 (e) of the Rules of Civil Procedure, remanding the case to the lower court for further proceedings in the said case.

until the final expiration of the term for which he was elected? and (2) Under the circumstances of this case, should said claim be considered as waived by plaintiff?

Regarding the first question the lower court held that since the Municipal Assembly suspended plaintiff from office and pay as Mayor of Lajas under the authority conferred upon it by § 29 of Act No. 53, approved April 28, 1928 — Municipal Law — as amended by Act No. 98, approved May 15, 1931,[3] said suspension was legal, and it was plaintiff's duty to prove that said suspension was illegal irrespectively of whether he had been legally removed by the Municipal Assembly. We do not agree with the lower court on this matter as, although it is true that the law authorizes the suspension of a mayor from office and pay, when charges are preferred against him, such suspension constitutes a secondary step to the main proceeding, subject to and conditioned by the latter, which shall become valid and effective from its commencement until the final decree of a legal removal.[4] If it never takes place, the suspension from

---

[3] Said Section, in force at the time of the impeachment proceedings in this case provides as follows:

"When charges are preferred against the mayor, he may be suspended from office and his salary stopped, but if this is not done prior to the hearing of the case, and the impeachment proceedings removing him shall be decided, then the mayor shall cease in his functions until the resolution adopted by the municipal assembly, or by the Governor of Porto Rico, as the case may be, shall be revoked by the Supreme Court of Porto Rico."

[4] The law in force at the date of the appeal versus plaintiff herein stated:

". . . The mayor may be removed for just cause by the municipal assembly, by resolution adopted by the majority of the total membership, after said mayor has been granted a hearing and an opportunity to defend himself, either in person or through attorneys. The municipal assembly, in order to hear and decide any accusation presented against the mayor, formulated by any member thereof, by the Governor of Porto Rico or by any citizen, may meet upon call of its president, on any date, of which the mayor shall be notified, furnishing him a copy of the charges five days in advance of the date for the hearing, and when there is a quorum for the consideration of the charges preferred against the mayor, the assembly may continue in session for such time as may be necessary to decide the case definitively; Provided, however, . . . ," etc.

employment and salary is void, and for that reason it cannot deprive a person under suspension from the salary to which he is entitled. *Cf. Rosario* v. *Gallardo, Commissioner*, 62 P.R.R. 255. Therefore, since it was proved in this case that plaintiff was never legally removed from his post as Mayor of Lajas, his right to the compensation claimed in the complaint should be acknowledged.

█ Nevertheless, the lower court also reached the conclusion that the plaintiff could have compelled the Municipal Assembly to hear the charges and decide them within a reasonable time, and although he took some steps to obtain his exoneration — and consequently, his reinstatement as Mayor of Lajas — by filing quo warranto and certiorari proceedings, they were not the adequate and correct proceedings for that purpose. Under these circumstances, we consider correct the findings of the lower court. We believe that the plaintiff abandoned any steps leading to his reinstatement before the expiration of the term for which he was elected, and said abandonment constituted a waiver and estoppel to recover his salary. Let us see.

Six days after plaintiff was suspended from office and pay by the Municipal Assembly — on November 16, 1943 — the People of Puerto Rico at the instance of the plaintiff filed in the District Court of Mayagüez a quo warranto proceeding praying that José Miguel Toro — who had been appointed Acting Mayor by the Municipal Assembly when it suspended plaintiff from office and pay — be ousted from said office, and to reinstate the plaintiff as the elected Mayor of Lajas. The lower court dismissed the petition on August 25, 1944 but already on December 8, 1943 plaintiff had filed, also in the lower court, a petition for certiorari to review the proceedings held by the Municipal Assembly in which *he was suspended from office and pay*. The writ was issued but the case was never heard and dismissed for abandonment of the parties by judgment of June 4, 1946. Regarding

said writ of certiorari on December 14, 1943 the Municipal Assembly applied to this Court for a writ of prohibition requesting that the lower court be ordered to stay all proceedings in the said case and to refrain from hindering or staying in any manner whatsoever the impeachment proceedings in the Municipal Assembly of Lajas against the Mayor. In *Municipal Assembly* v. *District Court, supra,* we held — on January 13, 1944 — that the lower court had jurisdiction to take cognizance of said proceedings, according to the provisions of § 83(*a*) and 83(*b*) of the Municipal Law in force.

Evidently, plaintiff could have proceeded with the certiorari in order to obtain a court decision on the alleged nullity of the proceedings held by the Municipal Assembly suspending him from office and pay — which suspension was decreed by virtue of the original charges preferred against the Mayor by Governor Tugwell on October 16, 1942, and which were never heard. He failed to do so, and he had almost a year in which to act before his term expired. It is likewise evident that though on April 26, 1944 he obtained the reversal on appeal of the resolution entered by the Municipal Assembly on February 10, 1944, removing him from office when it found proved the additional charge it preferred against him on February 2, 1944, the plaintiff did not take any other proper steps to cease his suspension from office and pay, or to obtain a final determination of the charges. Under such circumstances which clearly show plaintiff's lack of diligence, we believe that in view of his behavior with regard to his status, he waived and is estopped from claiming the salaries as Mayor, for the period from November 10, 1943 to January 7, 1945, *Nicholas* v. *United States*, 257 U. S. 71, 66 L. Ed., 133; *Arant* v. *Lane*, 249 U. S. 367, 66 L. Ed. 650; *Rivera* v. *Pons, Commissioner*,

348

66 P.R.R. 877; 2 McQuillin, Municipal Corporations, 2d ed., § 539, p. 320, as such behavior denotes acquiescence to the charges preferred against him.

Judgment will be affirmed.