Elizabeth D. DEGLAU

v.

William B. FRANKE, Secretary of
the Navy.

Civ. A. No. 2550.

United States District Court
D. Rhode Island.

May 24, 1960.

Cornelius C. Moore, Newport, R. I., Cornelius F. Murphy, Jr., Newport, R. I., of counsel, for plaintiff.

Joseph Mainelli, U. S. Atty., Samuel S. Tanzi, Asst. U. S. Atty., Providence, R. I., for defendant.

DAY, District Judge.

This is an action originally brought against the Secretary of the Navy, William B. Franke. Jurisdiction is alleged to exist by virtue of the provisions of the Civil Service Act, 5 U.S.C.A. § 631 et seq.; the Declaratory Judgments Act, 28 U.S.C.A. § 2201; and the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq. On December 7, 1959, this Court granted permission to the plaintiff to join Captain John D. Lauterat, Commanding Officer, U. S. Naval Schools Command, U. S. Naval Training Center, Newport, Rhode Island, as a party defendant and also granted the said Secretary's motion. to be dropped as a party defendant, proper service upon him never having been obtained. Thus, Lauterat is the sole defendant now before this court.

Subsequently, the plaintiff filed her second amended complaint. In substance she alleges therein that she had been employed as a classified Civil Service employee at the said Naval Training Center (hereinafter referred to as "the base") for a period commencing February 2, 1942; that she was appointed "Mail and File Supervisor", so-called, at the base on March 13, 1955; that by letter dated April 8, 1959, she was advised by the Acting Commanding Officer of the base that he proposed to remove her from her position on the ground of disrespectful and abusive conduct; that after due notice in writing she was given a hearing on April 27, 1959, before a hearing board convened by said Acting Commanding Officer to make recommendations to him relative to the disposition of her case; that thereafter by letter dated May 4, 1959, she was advised by said Acting Commanding Officer that he had decided to remove her from her position as of May 16, 1959; that she was in fact so removed; that she appealed said decision to the Office of the Secretary of the Navy by letter dated May 22, 1959; that by letter dated August 31, 1959, she was advised by the Office of the Secretary of the Navy that her appeal had been denied; that she has no other or further administrative remedies; that

her removal as aforesaid was a result of a decision made arbitrarily, capriciously, and in bad faith; that said removal was unwarranted by the facts, was not authorized by statute, and was in violation of the procedure required by law; that as a result of said removal she has lost substantial wages and other employee benefits and has been otherwise injured; and that her removal as aforesaid was violative of her constitutional rights. She prays for a declaration that her removal was unlawful; for a mandatory injunction compelling the defendant to reinstate her, with back wages from May 1, (sic) 1959; and for all other relief equitably due her.

The matter is presently before the Court on the defendant's motion to dismiss, the grounds for which are as follows:

"1. Insofar as the plaintiff seeks back salary, this action constitutes a suit against the United States without its consent.

"2. Although the plaintiff prays for a mandatory injunction, the relief sought is in reality a writ of mandamus, and the Court lacks jurisdiction to issue a writ of mandamus.

"3. If the Court lacks jurisdiction to issue a writ of mandamus, it is without jurisdiction to enter a declaratory judgment under the Declaratory Judgment Act.

"4. The Court lacks jurisdiction of this action under the Administrative Procedure Act.

"5. The Secretary of the Navy or his delegate, Rear Admiral Robert E. Cronin, United States Navy, Chief of Industrial Relations, who entered the final administrative decision in this case, is an indispensable party to the action."

The defendant's motion is before the Court without benefit of supporting affidavits. It must be decided, therefore, solely with reference to the second amended complaint and to the various documents and exhibits annexed thereto and incorporated by reference therein. All reasonable inferences are, of course, to be drawn in favor of the plaintiff. Seaboard Finance Co. v. Martin, 5 Cir., 1957, 244 F.2d 329.

The plaintiff's rights under said Civil Service Act are governed generally by 5 U.S.C.A. § 652, which makes no express provision for judicial review. Jurisdiction cannot, therefore, be predicated upon said section alone, and the complaint, taken as a whole, must itself indicate how this Court has jurisdiction to hear and determine the instant controversy.

I turn first to the prayer for injunctive relief. In view of the fact that the plaintiff has already been discharged from government service, I am of the opinion that the injunctive relief prayed for is beyond the power of this Court to grant. The rationale underlying this conclusion is that the plaintiff is actually seeking, by way of mandatory injunction, relief in the nature of mandamus. She seeks to compel the defendant to take action in accordance with the hoped-for declaration by this Court that her discharge was wrongfully effected. It is well settled that, in the absence of special statutory authority, the district courts may issue writs of mandamus only in aid of the jurisdiction otherwise vested in them—but not as original writs in any case.[1] Rule 81 (b), Federal Rules of Civil Procedure, 28 U.S.C.A. See Covington & Cincinnati Bridge Co. v. Hager, 1906, 203 U.S. 109, 27 S.Ct. 24, 51 L.Ed. 111; Marshall v. Crotty, 1 Cir., 1950, 185 F.2d 622; Insular Police Commission v. Lopez, 1 Cir.,

---

1. This is not true, of course, of the district courts for the District of Columbia, which still retain their historic power to issue original writs of mandamus. For a concise discussion of this point, see

Petrowski v. Nutt, 9 Cir., 1947, 161 F.2d 938, at page 939. See generally Kendall v. United States, 1838, 12 Pet. 524, 9 L.Ed. 1181.

1947, 160 F.2d 673, certiorari denied 331 U.S. 855, 67 S.Ct. 1743, 91 L.Ed. 1863; Branham v. Langley, 4 Cir., 1943, 139 F.2d 115. A fair reading of the provisions of 28 U.S.C.A. § 1651(a),[2] upon which the plaintiff relies in support of her contention that this Court has jurisdiction by way of mandamus, clearly supports the proposition that such a writ may only be issued by this Court when auxiliary in character. See, e. g., Stafford v. Superior Court of State of California, 9 Cir., 1959, 272 F.2d 407; Shimola v. Local Board No. 42 for Cuyahoga County, D.C.Ohio 1941, 40 F.Supp. 808. Similarly misplaced is the plaintiff's reliance on section 10(b) of the Administrative Procedure Act (5 U.S.C.A. § 1009 (b).[3] The power therein contained to issue writs of mandatory injunction is expressly confined to courts of "competent jurisdiction"; and, as I have already pointed out, this Court is without jurisdiction to direct any original relief in the nature of mandamus.

■ It is therefore clear that this Court lacks jurisdiction to grant the injunctive relief which the plaintiff seeks; and it necessarily follows that this jurisdictional deficiency cannot be overcome merely by including in the instant complaint a prayer for a declaratory judgment. The Court of Appeals for the First Circuit has held squarely that the Declaratory Judgments Act, 28 U.S.C.A. § 2201, has not enlarged the jurisdiction of the district courts, but has only served to afford an additional remedy in any controversy "wherein the court otherwise has jurisdiction of the subject-matter and the parties." Marshall v. Crotty, supra, 185 F.2d at page 626. See also Stafford v. Superior Court of State of California, supra; Love v. United States, 8 Cir., 1939, 108 F.2d 43; Putnam v. Ickes, 1935, 64 App.D.C. 339, 78 F.2d 223.

■ If the relief granted in the instant case were limited to a declaratory judgment in the terms requested, any such judgment would be futile and ineffective. A declaratory judgment per se does not command action, and here coercive process in the nature of mandamus would not be within the power of this Court. Usually a declaratory judgment, without more, is not a futile thing because of its effect as res judicata in determining the rights of the parties. But in this case a declaratory judgment would be res judicata neither as to the Secretary nor as to the United States. Marshall v. Crotty, supra. There is ample authority for the proposition that a district court lacking jurisdiction by way of mandamus is likewise without jurisdiction to grant a declaration of the reinstatement rights of an ousted government employee. See, e. g., Money v. Wallin, 3 Cir., 1951, 186 F.2d 411; Marshall v. Crotty, supra; Branham v. Langley, supra; Payne v. McKee, D.C.Va. 1957, 153 F.Supp. 932; Marshall v. Wyman, D.C.Cal.1955, 132 F.Supp. 169; Palmer v. Walsh, D.C.Or.1948, 78 F. Supp. 64; Kohlman v. Smith, D.C.Pa. 1947, 71 F.Supp. 73.

■ Nor is any jurisdiction conferred upon this Court by virtue of the said Administrative Procedure Act. Section 10(c) thereof 5 U.S.C.A. § 1009(c) provides in pertinent part for judicial review of:

"(c) Every agency action made reviewable by statute and every final

---

2. This section provides as follows:
 "(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law." (Emphasis added.)

3. This section provides in pertinent part as follows:
 "(b). The form of proceeding for judicial review shall be by any special statu-

tory review proceeding relevant to the subject matter in any court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action (including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus) *in any court of competent jurisdiction* * * *." (Emphasis added.)

agency action for which there is no other adequate remedy in any court * * *."

Where, as here, the plaintiff has unsuccessfully pursued her administrative remedies to their conclusion by appeal to the Secretary of the Navy, she cannot now obtain a review of the intermediate action of the subordinate official initially responsible for her discharge. Moreover, said section 10(c) is qualified by the provisions of section 10(b), hereinbefore quoted; and this Court is not a court of "competent jurisdiction" to review the final administrative action taken in this case, as no personal service has been had on the said Secretary. The general rule is set forth in Almour v. Pace, 1951, 90 U.S.App.D.C. 63, 193 F.2d 699, at page 701, note 5:

"The Administrative Procedure Act, in section 10, provides for judicial review by appropriate remedial form in 'any court of competent jurisdiction,' and can therefore hardly be argued to extend the jurisdiction of any court to cases not otherwise within its competence."

Extensive citation of authority on this point is unwarranted; the cases are ably collated in Payne v. McKee, supra, 153 F.Supp. at pages 936–939. Also in point is the very recent case of Willow Farms Dairy, Inc. v. Benson, D.C.Me.1960, 181 F.Supp. 798, at page 802. It is, I believe, worthy of note that the cases relied on by the plaintiff in support of her contention that jurisdiction exists by virtue of said Act uniformly arose in the District of Columbia, where personal service over the agency head had been obtained.[4] See, e. g., Vitarelli v. Seaton, 1959, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012, and Hofflund v. Seaton, 1959, 105 U.S. App.D.C. 171, 265 F.2d 363 (Secretary

of the Interior as defendant); Ritter v. Strauss, 1958, 104 U.S.App.D.C. 301, 261 F.2d 767 (Secretary of Commerce as defendant); Haynes v. Thomas, 1956, 98 U.S.App.D.C. 131, 232 F.2d 688 (Secretary of the Navy as defendant); Deak v. Pace, 1950, 88 U.S.App.D.C. 50, 185 F. 2d 997 (Secretary of the Army as defendant). It is plain that these cases can afford no basis for jurisdiction in the case at bar.

■■■ As to the plaintiff's claim for back wages, she concedes that this Court has no jurisdiction over any civil action to recover compensation for official services of government employees by reason of the express provisions of 28 U.S.C.A. § 1346(d) (2), as amended.[5] The plaintiff contends, however, that she has never been legally removed from her position, and thus her wages from May 15, 1959, should be paid to her as a matter of course. The plaintiff cites no authority whatsoever for her contention that an action to recover the accrued wages of a government employee whose discharge is subsequently declared to be a nullity is not barred in this Court by said subsection 1346(d) (2); and such an action would plainly appear to fall within the statutory mandate. I can perceive of no meaningful distinction between this case and the line of cases headed by Bruner v. United States, 1952, 343 U.S. 112, 72 S.Ct. 581, 96 L.Ed. 786, upholding and applying that statute. I conclude, therefore, that this Court is without jurisdiction to entertain an action to recover the compensation which is allegedly due and owing to the plaintiff.

■■■ The plaintiff's allegation that her removal was in violation of her constitutional rights is likewise insufficient to confer jurisdiction upon this

---

4. The single exception is the case of Fischer v. Haeberle, D.C.N.Y.1948, 80 F.Supp. 652. That case, insofar as it conflicts with the subsequent decision of the Supreme Court in Blackmar v. Guerre, 1952, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534, is clearly not good law.

5. This subsection provides as follows:
"(d) The district courts shall not have jurisdiction under this section of:
* * * * *,
"(2) Any civil action or claim to recover fees, salary, or compensation for official services of officers or employees of the United States."

Court. It has heretofore been held that government employ is not a property right within the ambit of the due process clause of the Fifth Amendment. Bailey v. Richardson, 1950, 86 U.S.App.D.C. 248, 182 F.2d 46, affirmed by an equally divided Court, 1951, 341 U.S. 918, 71 S. Ct. 669, 95 L.Ed. 1352. Moreover, it is the United States which is the employer here, and the instant action is brought against the defendant solely in his official capacity; his acts in this connection are the acts of the sovereign, and suit cannot be brought against the defendant Lauterat alone. See Larson v. Domestic & Foreign Commerce Corp., 1949, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628; Gregoire v. Biddle, 2 Cir., 1949, 177 F.2d 579; Payne v. McKee, supra.

 Finally, it is my opinion that there is a further ground for dismissal which is in itself dispositive of this case. The record reveals, and the complaint alleges, that an appeal was taken by the plaintiff to the Secretary of the Navy, and that said appeal was denied. And it is sound law that, as pointed out in Payne v. McKee, supra, 153 F.Supp. at page 937:

"* * * (I)t is the action of the administrative agency which falls under the scrutiny of court review —not the action of the first individual whose acts may be the foundation for an administrative review."

See also Blackmar v. Guerre, 1952, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534; Martucci v. Mayer, 3 Cir., 1953, 210 F.2d 259. Nor is this principle altered, as the plaintiff contends, by the decision of the Supreme Court in Shaughnessy v. Pedreiro, 1955, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868. That case, rather than overruling the decision in Blackmar v. Guerre, supra, in reality reinforces it. See Adamietz v. Smith, 3 Cir., 1960, 273 F.2d 385. I think that, applying the rule announced in Williams v. Fanning, 1947, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95, the said Secretary is an indispensable party to any proceeding where, as here,

the plaintiff seeks to compel affirmative administrative action. The leading case on this point is Gnerich v. Rutter, 1924, 265 U.S. 388, 44 S.Ct. 532, 68 L.Ed. 1068, discussed and approved by the Supreme Court in Williams v. Fanning, supra. See also Webster v. Fall, 1925, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411; Stroud v. Benson, 4 Cir., 1958, 254 F.2d 448; McGrimley v. Foley, D.C.Mass.1950, 89 F.Supp. 10, affirmed per curiam 1 Cir., 1950, 180 F.2d 1022; Payne v. McKee, supra; Marshall v. Wyman, supra. Since part of the relief sought herein is a judgment ordering the reinstatement of the plaintiff which would require said Secretary to take action either directly or through a subordinate, he is an indispensable party to this action. In short, since no effective judgment could be entered which would expend itself on the subordinate official who is the sole defendant now before this Court, this action must be dismissed for want of jurisdiction.

If the result reached here seems unjust at first blush, it must be kept in mind that the plaintiff has appropriate remedies in the Court of Claims and in the United States District Court for the District of Columbia. And the logic behind the confinement of such actions to those tribunals is compelling. As Judge Hoffman said in Payne v. McKee, supra, 153 F.Supp. at pages 939–940:

"If it was the intent of Congress to permit an indirect review of agency by plaintiffs' naming the Commander of the Shipyard as a party defendant, the district courts will readily become a Pandora's box for hearing all grievances involving * * * employees of federal departments."

For the reasons stated above, I conclude that this Court is without jurisdiction to entertain the instant action. The defendant's motion to dismiss must therefore be granted, without prejudice, however, to any proceeding by the plaintiff in a court of competent jurisdiction.